3193, 3267.  PYE, by next friend, *v.* GILLIS, and *vice versa.*

HILL, C. J.   1.  A female upon whom an assault to rape has been com-
mitted may maintain an action to recover damages for the injuries
sustained.  In such an action her right of recovery is not limited simply
to pecuniary loss, or actual physical injuries, but may include an·
and all pain and suffering, whether mental or physical, and may al-
so include punitive or exemplary damages against the wrong-doer, all
these damages to be measured by "the enlightened conscience of impar-
tial jurors."   Civil Code (1910), §§ 4503, 4504; 3 Cyc. 1066; 33 Cyc.
1521, and cases cited.
2.  In a suit to recover damages for an assault with intent to rape, brought
by the injured female against the wrong-doer, where the evidence for
the plaintiff proved the tort as complained of in the petition, and there
was apparently no legal insufficiency in the evidence when considered in
connection with the allegations of the petition, it was error to award
a nonsuit on the ground that no pecuniary loss was shown.  It is well
settled that a simple assault may give a right of action for damages
against the assailant; and an assault to commit rape is an aggravated
assault.  And in such an action it is not necessary to allege and prove
any pecuniary loss, or even actual physical injury, to warrant a re-
covery.  In the present case, however, there was evidence of some actual
physical injury.
*Judgment reversed on main bill of exceptions; affirmed on cross-bill.*
                    DECIDED SEPTEMBER 23, 1911.

Action for damages; from city court of Sylvester—Judge Wil-
liamson.   January 24, 1911.
*Claude Payton,* for plaintiff.
*J. H. Tipton,* for defendant.