## BURROW *v.* SOUTHERN RAILWAY COMPANY *et al.*

FISH, C. J. 1. On the trial of an action for alleged unlawful search of the plaintiff's dwelling, illegal arrest, false imprisonment, and assault and battery, after instructing the jury to the effect that if the plaintiff did not consent for his house to be searched, and both the defendants participated in the search—there being no contention that they had a search warrant, the jury would be authorized to find for the plaintiff such a sum as would compensate him for an unlawful search, it was reversible error for the judge to add to such instruction the following: "that is, provided you find that the imprisonment was false." Plaintiff's right to recover for an unlawful search was not dependent upon a subsequent false imprisonment.

2. The court did not err, on the trial of an action of the character referred to in the preceding note, in instructing the jury to the effect that while a magistrate of one county of this State may lawfully issue a warrant against a person charged with committing a crime in another county thereof, he has no authority in such a case to hold a court of inquiry to determine whether or not the accused shall be committed,—this authority being vested only in a magistrate of the county wherein the crime is charged to have been perpetrated. Penal Code, §§ 909, 919, 920.

3. Nor were the other instructions complained of erroneous for any reason assigned.

4. The assignment of error upon the refusal to strike a designated part of the answer of the defendant corporation, not being referred to in the brief for plaintiff in error, is considered as abandoned.

*Judgment reversed. All the Justices concur.*

APRIL 18, 1913.

Action for damages. Before Judge Edwards. Paulding superior court. July 13, 1912.

*A. L. Bartlett,* for plaintiff. *Maddox, McCamy & Shumate, A. J. Camp,* and *C. D. McGregor,* for defendants.