## COCHRAN *v.* MITCHEM.

1. The court erred in charging the jury as follows: "If you should conclude under the principles of law given you in charge, if any assault and battery was committed upon the plaintiff by the defendant, he is justifiable under some rule of law, the court charges you the plaintiff would not be entitled to recover any damages in the case." There was no evidence to authorize this charge, the uncontradicted evidence showing an unprovoked assault and battery committed by the defendant upon the plaintiff.
2. Nor was there any evidence to authorize the court to submit to the jury the theory that certain injuries alleged in the petition were the result of a mere accident, and a charge upon that subject was error.
3. The court charged the jury: "If the plaintiff is entitled to recover any damages in the case, the court charges you that the damages he would be entitled to recover in the case would be what the law calls direct and general damages." Considered in connection with the entire charge, this was not error.
4. Where in a suit to recover damages for assault and battery the uncontroverted evidence is such as to demand a verdict in favor of the plaintiff for a substantial amount, the jury are not authorized to return a verdict in favor of the plaintiff for nominal damages merely.

JANUARY 16, 1915.

Action for damages. Before Judge Park. Morgan superior court. November 12, 1913.

*M. C. Few,* for plaintiff.

BECK, J. W. S. Cochran brought suit against C. E. Mitchem, to recover damages for an alleged assault and battery committed by the defendant upon the plaintiff. Upon the trial of the case the

jury returned a verdict for $1 in favor of the plaintiff. He made a motion for a new trial; and this having been overruled, the case was brought here for review. In his petition the plaintiff alleges both general and special damages, the claim for damages being based upon an alleged assault and battery made upon him by the defendant without provocation. It is alleged in the petition, that the defendant, without cause or provocation, while petitioner was testifying in a case in which plaintiff was interested, applied to the latter an opprobrious epithet, rushed immediately upon him, and with his fist violently struck petitioner several blows in the face and other parts of the body; and that petitioner, in order to protect and defend himself from the violent and unprovoked assault, grappled with the defendant, and in the struggle which ensued, brought on by the plaintiff's attempts to defend himself, he was thrown to the floor and in the fall his left arm was broken. The defendant in his plea merely denied the allegations of the petition. There was no plea of justification or mitigation. The evidence introduced by the plaintiff fully sustained the allegations of the petition, and it was not controverted, as the defendant introduced no evidence.

1. In the course of his instructions to the jury the court gave the following charge: "If you should conclude under the principles of law given you in charge, if any assault and battery was committed upon the plaintiff by the defendant, that he is justifiable under some rule of law, the plaintiff would not be entitled to recover any damages in the case." The plaintiff excepted to this charge, and the exception is well taken. The charge is clearly erroneous under the pleadings and evidence in the case. There was no plea of justification or mitigation filed by the defendant. He merely denied the allegations in the plaintiff's petition. Not only was there no plea of justification or mitigation, but there was not the slightest evidence of justification, nor a particle of evidence to mitigate the conduct of the defendant on the occasion of his unprovoked assault upon the plaintiff. There is nothing in the record to suggest that the plaintiff, in giving the testimony in the case upon trial when he was assaulted, was not absolutely within his rights when the defendant in this case rushed upon him, after calling him a liar, and struck him in the face. The plaintiff himself testified to these facts, and his testimony is corroborated by the

magistrate who was presiding at the trial in the course of which the plaintiff was giving the testimony which provoked the assault on the part of the defendant. With no plea of mitigation or justification, and no evidence to justify or mitigate the conduct of the defendant, the charge upon the subject of justification was out of place in the court's instructions to the jury. And what we have just said above, in discussing the ground of the motion under consideration, is applicable to the last three grounds of the motion for a new trial.

2. The court should not have charged the jury upon the theory that the breaking of the plaintiff's arm was a mere accident. The uncontradicted evidence showed that the breaking of the arm was the direct consequence of the struggle between the parties which ensued in consequence of an unprovoked assault made by the defendant upon the plaintiff.

3. Complaint is made of the following charge of the court: "If the plaintiff is entitled to recover any damages in this case, the court charges you that the damages he would be entitled to recover in the case would be what the law calls direct and general damages." Taken by itself this would have been erroneous; but as the court subsequently in his charge instructed the jury that they could allow damages for pain and suffering and for wounded feelings, and correctly informed the jury in that connection that the only measure of damages for pain and suffering and wounded feelings was the enlightened consciences of impartial jurors, and also gave them in charge the section of the Civil Code relating to additional damages which the jury may give in cases where there are aggravating circumstances, the charge complained of is not ground for a new trial.

4. The petition alleged, and the uncontradicted evidence showed, that a violent, unprovoked, and serious assault and battery was committed by the defendant upon the plaintiff; and there was no evidence to even mitigate the conduct of the defendant. Under these facts the jury were not authorized to return a verdict in favor of the plaintiff for nominal damages. The evidence demanded a verdict for a substantial amount; and the verdict rendered must be set aside upon the ground, among others, that it is contrary to the evidence.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*