## JAMES GILLESPIE *vs.* LOUIS BOPP, JR.

Suffolk.    November 20, 1916. — January 6, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Assault and Battery.    Evidence,* Presumptions and burden of proof.

Where the defendant in an action of tort for assault and battery attempts to justify his acts as done in self-defence against an attack by the plaintiff and others, it is proper for the judge to instruct the jury that the burden is upon the defendant "to prove the right to use force, that is, to prove to you that he was set upon by a crowd and that he did this in self-defence."

TORT for assault and battery.    Writ dated February 13, 1914.

The defendant by his answer alleged in justification that the plaintiff assaulted him and that he defended himself, "which said self-defence was the supposed assault set forth in the plaintiff's declaration;" and, further, that the defendant was a police officer for Revere, "and that in the due performance of his duty, as said police officer, he did the same acts described in the plaintiff's declaration."

In the Superior Court the case was tried before *White,* J.    There was a verdict for the plaintiff in the sum of $300.    The defendant alleged an exception to the portion of the charge described in the opinion.

The case was submitted on briefs.

*S. R. Cutler & H. W. James,* for the defendant.

*R. W. Frost & M. B. Breath,* for the plaintiff.

CARROLL, J.    This is an action of tort for assault and battery. The defendant excepted to that part of the judge's charge, where he instructed the jury that the burden was upon the defendant "to prove the right to use force, that is, to prove to you that he was set upon by a crowd and that he did this in self-defence." There was a verdict for the plaintiff.

It was for the defendant to show that he acted in self-defence, and the judge correctly ruled that the burden of proving his justification for the assault was upon him.    As was expressed by Dewey, J., in *St. John* v. *Eastern Railroad,* 1 Allen, 544: "The general rule certainly is that, in an action of trespass for an assault upon the person, the plaintiff having established the allegations in his decla-

ration as to the assault and beating, any excuse or justification therefor is to be shown by the defendants." *Hathaway* v. *Hatchard,* 160 Mass. 296. *Mountford* v. *Cunard Steamship Co. Ltd.* 202 Mass. 345, 346.

*Exceptions overruled.*