### 111350. NEWCOMB HOTEL COMPANY *v.* CORBETT.

The allegations as to the conduct of the hotel employees in regard to the plaintiff, a female guest whose room while occupied by her at night was entered by a police officer with a detective of the hotel, stated a cause of action against the hotel company, under the former decision of this court in this case (24 *Ga. App.* 533); and the subsequent amendment of the plaintiff's petition did not render the petition subject to the demurrer filed thereafter.

Whether the amendment was of sufficient materiality to open the petition to demurrer at the trial term is a question not raised, and therefore not decided.

DECIDED JULY 29, 1920.

Action for damages; from city court of Savannah — Judge Freeman.   February 9, 1920.

While in her bedroom at night as a guest in the Hotel Savannah, the plaintiff (according to the allegations of her petition) was called from her bed, through the telephone in the room, and shortly afterwards the house detective rapped repeatedly at the room-door, telling her to open it, and he finally opened it with a pass-key, and entered, accompanied by a police officer, who told her that they expected to find a man in the room, and had made a mistake.   She alleged that she had conducted herself in a proper and ladylike manner and was entitled to the protection of the defendant,— the corporation conducting the hotel; and that the telephone calls, the rapping on the door, and the action of the police officer were all caused by servants and agents of the defendant, who falsely informed the police officer that acts of immorality were being conducted in the room; and that the servants and agents referred to were the night clerk of the hotel, and the defendant's telephone operator and its house detective.   The case came to the Court of Appeals on exceptions to the overruling of a demurrer, and the judgment was affirmed.   A more full statement of the allegations of the petition will be found in the reporter's statement of the case in 24 *Ga. App.* 533.

By subsequent amendment the plaintiff alleged, that the night clerk in charge of the hotel violated the duty of protection which the defendant owed her, in permitting the police officer to come to her room without a criminal warrant, in permitting the house detective to accompany the officer to the room for the purpose of disturbing her, in failing to afford protection to her when advised that she was being annoyed by the police officer and other persons attempting to enter her room, and in not affording the protection to which she was entitled after the night clerk was advised that the police officer would visit her room for the purpose of searching for a man supposed to be in the room.   The allegation as to the information given to the police officer was amended as follows:   " That is to say, the police officer informed the night clerk that a woman had entered the room accompanied by a man, that the night clerk then and there, after looking over the register, told said police officer that your petitioner fitted the description of the woman in question, and said night clerk and said police

officer, after conference, agreed that your petitioner was the woman in question, and afterwards assisted the police officer in all that was done, as herein set forth." The petition as thus amended was demurred to generally and on the ground that the amendment set forth a new and distinct cause of action; and various paragraphs were demurred to as being contradictory and as stating mere conclusions of the pleader, and on other grounds.

As to the cause of action counsel for plaintiff cited: DeWolf v. Ford, 193 N. Y. 397 (86 N. E. 527, 21 L. R. A. (N. S.) 860); Lehnen v. Hines, 88 Kan. 58 (127 Pac. 612, 42 L. R. A. (N. S.) 830).

*E. S. Elliott, O'Byrne, Hartridge & Wright,* for plaintiff.

*Robert L. Colding, Oliver & Oliver,* for defendant.

LUKE, J. On a former review of this case it was held: "The amended petition, properly construed as a whole, was not subject to any ground, either general or special, of the demurrer interposed, and the court properly so ruled." See *Newcomb Hotel* v. *Corbett,* 24 *Ga. App.* 533 (101 S. E. 713). At the trial term the plaintiff offered another amendment to the petition, which appears to have been allowed without objection, wherein the defendant's acts of negligence, as deduced from the facts previously pleaded, were grouped together in the form of terse subparagraphs. The defendant thereupon filed a new demurrer, which was over-ruled, and it again excepted. *Held:* (*a*) The court did not err in overruling the demurrer. (*b*) Whether the amendment was of sufficient materiality to open the petition to demurrer at the trial term is a question not raised, and therefore not decided; but see Park's Ann. Code, § 5652, and annotations.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*