### 11867. NEWCOMB HOTEL COMPANY *v.* CORBETT.

STEPHENS, J. 1. A guest in a hotel is entitled to the privacy of the room to which he has been assigned, and to remain there unmolested from improper or unjustified and unreasonable intrusion from the hotel keeper or those acting under his authority. Whether a hotel keeper is under a duty to protect a guest against third persons is not necessary to be here decided. See *Newcomb Hotel Co.* v. *Corbett*, 24 *Ga. App.* 533 (101 S. E. 713), s. c. 25 *Ga. App.* 583 (103 S. E. 723).

2. Where a "night watchman" or "house man" of a hotel, whose duty is to "keep order in general and to look after things generally" including "anything that comes up," and who carries a pass-key to the rooms, and who is told by the clerk on duty that there is "something wrong" in a certain room in the hotel, and is requested by the clerk to go to that room, and where such watchman or "house man," in response to the clerk's request, goes to the room and opens the door with his pass-key for the purpose of ascertaining what is going on in the room, the inference is authorized, if not demanded, that the clerk and the watchman were acting within the scope of their employment and that their acts were those of their employer and for which he was responsible.

3. Where a guest of a hotel is occupying his room and is neither engaged in nor permitting improper conduct therein, nor affording any just ground to suspect such, it is an unjustified intrusion upon the guest, and a trespass upon his rights incident to his occupancy of the room,

for the hotel keeper to effect an uninvited and unpermitted entry into the room for the purpose of ascertaining whether improper conduct on the part of the guest or any one is transpiring therein.

4. Since a hotel keeper has an opportunity of seeing his guests when he receives them, he is chargeable with knowledge as to what guests are assigned to particular rooms in the hotel, and therefore he has no right to assume that a guest who is occupying a room to which he has been assigned is any other than the guest properly entitled to occupy the room. While, in order to facilitate his business in handling his guests, a hotel keeper may require his guests, when applying for accommodations at his hotel, to register their names in a register, he is nevertheless not thereby relieved, by any false inference he may draw from the register, from the duty resting upon him of knowing to what rooms the various guests are assigned. Thus, where a female guest has applied for lodging at a hotel and has signed her name upon the register, without any prefix to her signature or other indication that her signature is that of a female, and is assigned to a certain room in the hotel, the hotel keeper is charged with notice that the particular room is occupied by the female guest, and he has no right to assume, from any false inference which he may afterwards draw from the character and handwriting of her signature on the register, that the person entitled to occupy the room is a man, and that the female guest properly occupying the room is an intruder and not entitled to it. That the hotel keeper, possessing actual knowledge of this fact, may, when acting through another and different clerk, have drawn such false inference from the character of the guest's signature is not a defense to a suit against him by the guest for unlawfully entering her room for the purpose of ascertaining if immoral conduct is being practiced therein.

5. Even assuming that, under the record as here presented, the circumstance that the hotel clerk was misled by the character and handwriting of the plaintiff's signature on the register of the hotel may go to mitigate the defendant's act and show that it was not willful misconduct, wantonness or conscious indifference to the plaintiff's rights, it is nevertheless true that since a hotel keeper has an opportunity of seeing and inspecting his guests when they apply for accommodation, a guest is not under any duty to indicate his or her sex by the name on the register, and therefore a remark by the trial judge, directed to counsel in the presence of the jury at the time such evidence was offered, that " I do not think it makes any difference as to how a person writes his name," was not an expression of opinion upon any fact in issue, and this court cannot conclude that it in any way operated to prejudice the jury against the defendant's case, especially in view of the fact that the trial judge, in his fair and impartial charge to the jury, instructed them that in fixing the amount of any damages which they might assess they were to look to the evidence and the circumstances and conditions surrounding the occurrence, and it must therefore necessarily be inferred that in awarding damages the jury, following the instructions of the court, considered the nature and character of the signature on the register as a mitigating circumstance.

6. This being a suit by the female occupant of the room for damages for an unjust and unwarranted intrusion and trespass upon her by the hotel company, through its employees acting within the scope of their employment, while she was occupying her room, and applying the above rulings, the evidence sustains the plaintiff's case as laid; and the

charge of the court properly submitted all the issues to the jury, and certain requests to charge made by the defendant, when not covered by what was actually given in charge, were properly refused.

7. Under the above rulings, there was no error in allowing the amendment to the petition, excepted to by the defendant.

8. It appearing from the evidence that the plaintiff, who was a female guest alone in her room, to which she had been assigned in the hotel of the defendant, and had retired and gone to bed for the night, was aroused by the night watchman of the hotel, accompanied by a police officer, with the encouragement of the night clerk, after the plaintiff had telephoned to the clerk for protection from the threatened intrusion, which night watchman, without the plaintiff's permission and over her protest, accompanied with a charge, communicated to her, that she had a man in the room, unlocked her door and caused the room to be entered for the purpose of ascertaining if the charge were true, and her room was searched for that purpose, even though she consented to the search after her room had been forcibly entered without her consent, this court cannot hold that the trial judge abused his discretion in not granting a new trial to the defendant upon the ground that the verdict in the sum of $5,500 was excessive.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED AUGUST 31, 1921.

Action for damages; from city court of Savannah — Judge Freeman. July 23, 1920.

*Edward S. Elliott, O'Byrne, Hartridge & Wright,* for plaintiff in error.

*Robert L. Colding, Oliver & Oliver,* contra.