### 15686.  BYFIELD *v.* CANDLER.

BELL, J. 1. Since the passage of the act of October 2, 1879 (Ga. L. 1878-9, p. 150, Civil Code of 1910, § 6084), a written request to charge is ineffective as such unless it is presented "before the jury retire to consider of their verdict." *Brooks* v. *State*, 96 *Ga.* 353 (4).

2. Where the trial judge completed his charge to the jury, who retired and considered the case for several hours and then asked the court for a "recharge covering the whole case," and thereupon "the court gave to the jury in recharge the identical charge he originally gave them," it was not error to refuse written requests to charge presented to the court after such "recharge" but before the jury again retired. In *Yeldell* v. *Shinholster*, 15 *Ga.* 189 (4), the reversal of the refusal of an oral request presented under somewhat similar circumstances appears to have been based mainly upon the theory that the charge should have been given even without request. See division 1 of the opinion in that case.

3. In an action by a woman against a man either for an assault with intent to rape or for an assault with the intent of procuring her consent to the sexual act (*Smalls* v. *State*, 6 *Ga. App.* 502 (2), 65 S. E. 295; *Sutton* v. *State*, 123 *Ga.* 125, 51 S. E. 316), the want of consent on her part is an essential ingredient of the tort or cause of action complained of. *Horseford* v. *State*, 124 *Ga.* 784 (53 S. E. 322); Willey *v.* Carpenter, 64 Vt. 212, 23 A. 630, 15 L. R. A. 853; Goldnamer *v.* O'Brien, 98 Ky. 569, 33 S. W. 831, 36 L. R. A. 715, 56 Am. St. Rep. 378). Proof of consent, therefore, being such as to disprove the plaintiff's cause of action, is admissible under a general denial of the allegations of the declaration. Civil Code (1910), § 5636; Wright *v.* Starr, 42 Nev. 441 (179 Pac. 877, 6 A. L. R. 981); Raefeldt *v.* Koenig, 152 Wis. 459 (140 N. W. 56, L. R. A. 1918E, 1053). *Aliter* as to a claim of *justification,* in an action for a mere assault and battery. *Ratteree* v. *Chapman*, 79 *Ga.* 574 (3) (4 S. E. 684).

4. The rule that when the testimony of a party is self-contradictory, vague, or equivocal it is to be taken most strongly against him (*Shepard* v. *Chappell*, 29 *Ga. App.* 6 (2), 113 S. E. 23), is applicable as matter of law only in resolving the issue to which such testimony

relates, and will not estop such party from contesting other issues in the case. Wiley *v.* Rutland Railroad Co., 86 Vt. 504 (86 Atl. 808), and citations. Thus, the fact that the defendant testified that he had no intercourse with the plaintiff and made no effort to do so did not preclude an insistence on his part (the other evidence so authorizing) that the plaintiff consented to whatever was done. It was still permissible for him to combat liability upon the theory of the absence of one of the necessary ingredients of the alleged cause of action.

5. The court charged the jury that if they believed that the plaintiff and the defendant "were voluntarily having sexual intercourse with each other, or were preparing to have sexual intercourse, and that the entire transaction was assented to by the plaintiff and the defendant, then the plaintiff can not recover." Under the peculiar facts and circumstances developed by the evidence, this court can not hold that the instruction was erroneous upon the ground that it was unwarranted by any evidence in the case.

6. General damages are such as the law presumes to flow from any tortious act, and may be recovered without proof of any amount. Civil Code (1910), § 4507. In an action for the recovery of general damages (*Truitt* v. *Rust*, 25 *Ga. App.* 62 (2), 102 S. E. 645), either for an assault with intent to rape or for an assault with intent to procure consent to the act of sexual intercourse, upon proof of the assault as alleged, the law, without further evidence, will presume that the plaintiff has been damaged. *Pye* v. *Gillis*, 9 *Ga. App.* 725 (2) (72 S. E. 190). Where in the trial of such an action a verdict for general damages, under the pleadings and the evidence, may legally be found, it is error to instruct the jury in such language as to imply that the plaintiff ought not to recover unless it be affirmatively proved that damage has resulted from the alleged tortious acts. Applying this ruling, the court erred in this case in charging the jury as follows: "If the defendant made such an assault upon the plaintiff as is described in plaintiff's petition,—that is, that the defendant tore the bedclothing off of plaintiff, disheveled her night-clothes, grabbed her in his arms, and sought to get in bed with her against her will, for the purpose of debauching her, and if the jury believes that the plaintiff suffered injury and damage on account thereof, then the plaintiff would be entitled to recover such damages as the proof shows she has sustained;" the vice in this excerpt being that it tended to impress the jury that, even though the defendant did all of the things named, the plaintiff still would not be entitled to recover unless she further proved, as an additional fact, that she had been injured and damaged. For this error a new trial is demanded, under the ruling of the Supreme Court in *Flanders* v. *Daley*, 124 *Ga.* 714 (52 S. E. 687). See also *Cochran* v. *Mitchem*, 143 *Ga.* 34 (4) (84 S. E. 127, Ann. Cas. 1916B, 450); *Sammons* v. *Wilson*, 20 *Ga. App.* 241 (1) (92 S. E. 950); *Carlisle* v. *Callahan*, 78 *Ga.* 320 (4) (2 S. E. 751).

7. The suit is based upon a transaction alleged to have occurred upon a vessel on which the plaintiff, her husband, and the defendant were fellow passengers. It is averred that the plaintiff and her husband had gone to their stateroom to retire for the night, but that before retiring the husband left the room temporarily. Paragraphs 12, 13, and 14,

which were not qualified by anything else in the petition, make the following allegations: "When petitioner's husband had left her, the stateroom door was closed, the light was turned out, and she prepared to sleep;" "A short time after petitioner's husband had left her, said [defendant] opened the door, tore the bedclothing off of her, disheveled her night-clothes, grabbed her in his arms, and sought to get in bed with her, for the purpose of debauching her. Petitioner screamed and continued to scream until her husband rushed into the room and immediately engaged in a terrific fight with said [defendant];" "Petitioner shows that this assault upon her was a wanton and malicious wrong and a betrayal of [defendant's] professed friendship for petitioner and her husband." The court instructed the jury trying the case as follows: "I charge you that this action is for assault and battery upon the plaintiff, and not for entering the plaintiff's room." In the plaintiff's motion for a new trial it is assigned that this charge "was error, because plaintiff would be entitled to recover, if, without her implied or expressed consent, the defendant entered her room for an improper purpose, or if the defendant entered the room of the plaintiff when the door was shut, and her husband was absent, and if she was in bed, without her consent, expressed or implied, the same being a violation of her right of privacy." *Held:* A passenger upon a vessel is entitled to the privacy of the room to which he or she has been assigned, as against the improper, unjustified, or unreasonable intrusions of others, and a violation thereof will give rise to an action. A violation of such right of the plaintiff, constituting a lesser wrong, would be embraced within an entire greater wrong, such as is alleged in the petition, and the judge erred in giving the instruction complained of. Whether under the record a new trial should result for this error alone, it is unnecessary to decide, in view of the ruling in the preceding paragraph. *Newcomb Hotel Co.* v. *Corbett*, 27 *Ga. App.* 365 (108 S. E. 369).

8. There is no cause for a new trial in any of the remaining assignments of error. *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 16, 1924.

Action for damages; from DeKalb superior court—Judge Hutcheson. May 17, 1924.

Application for certiorari was denied by the Supreme Court.

*Slaton & Hopkins, Colquitt & Conyers,* for plaintiff.

*Reuben R. & Lowry Arnold, L. J. Steele, Hugh Burgess, Robert Ramspeck, Branch & Howard,* for defendant.