### 18524. CLAY v. BROWN.

BELL, J. 1. In a suit for assault and battery, if the defendant was authorized by law to do the act complained of, he may plead the same as a justification and obtain all the privileges of one holding the affirmative of the issue. Civil Code (1910), § 4488. In such a case the burden of proof is lifted from the plaintiff and cast on the defendant. But in order to obtain such a result, the plea must admit the commission of the act in form and manner as charged in the petition, and a plea which merely admits the act in part and justifies it in part, although setting forth a valid defense, is not such a plea of justification as will relieve the plaintiff of the burden of proof and entitle the defendant to open and close. *Berkner* v. *Dannenberg*, 116 *Ga.* 954 (4) (43 S. E. 463); *Ocean S. Co.* v. *Williams*, 69 *Ga.* 251 (1, 2); *Seymour* v. *Bailey*, 76 *Ga.* 338; *Augusta Factory* v. *Barnes*, 72 *Ga.* 217 (2) (53 Am. R. 838); *Chapman* v. *Atlanta & W. Point R.*, 74 *Ga.* 547; *Binder* v. *Ga. Ry. &c. Co.*, 13 *Ga. App.* 381 (5) (79 S. E. 216).

2. Hence, in a suit for assault and battery, where the petition alleged that "the defendant was a strong and vigorous woman and mad with rage," and struck the plaintiff violently and "with all the force she could use," a plea in which the defendant admitted only that she struck the plaintiff "with her open hand," and pleaded facts to justify the blow as thus admitted, was not a good plea of justification, in the sense that it shifted the burden of proof and placed the defendant in the position of one holding the affirmative of the issue.

3. Applying the foregoing rulings, the court did not, in view of the plea filed in this case, commit error in charging the jury that the burden of proof was upon the plaintiff. nor in giving other instructions which

158

might not have been appropriate if the plea could have been construed as a technical plea of justification.

4. In a suit for assault and battery, where the plaintiff, besides claiming (1) punitive damages, seeks also to recover (2) for the value of lost time and for medicine and physician's bills, it is not error, as against the plaintiff, for the court to instruct the jury substantially in the language of section 4502 of the Civil Code, the principle contained therein being pertinent at least in determining the right of the plaintiff to recover the latter class of damages, representing the pecuniary loss alleged to have been sustained as a result of the injury. *County of Bibb* v. *Ham*, 110 *Ga.* 340, 341 (35 S. E. 656); *Ga. Ry. & Power Co.* v. *Howell*, 28 *Ga. App.* 798 (3) (113 S. E. 101).

5. Moreover, in the present case, the exception to the charge upon the subject of damages was predicated solely upon the theory that the defendant had filed such a plea of justification as relieved the plaintiff of the burden of proof; and since the plea can not be so construed, the assignment of error on this portion of the charge must necessarily fail. The same is true also of complaints as to certain omissions to charge.

6. There was evidence to warrant the court in charging the jury on the subject of opprobrious or abusive language as a defense or mitigation in an action of this sort. *Hutcheson* v. *Browning*, 34 *Ga. App.* 276 (2) (129 S. E. 156). Although the evidence as to the language used by the plaintiff may not have conformed strictly to the allegations of the plea, yet since the evidence was admitted without objection and the plea could have been amended to cure the variance, a charge predicated upon the evidence alone was not cause for a new trial. *Napier* v. *Strong*, 19 *Ga. App.* 401 (2) (91 S. E. 579).

7. The evidence authorized the verdict found in favor of the defendant, and there was no merit in any of the special assignments of error. The court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 14, 1928.

*Lowndes Calhoun,* for plaintiff.
*Aldine & Hewitt W. Chambers,* for defendant.