24226. PERSONAL FINANCE COMPANY OF ATLANTA *v.* LOGGINS.

STEPHENS, J. 1. It appearing from the allegations in the petition that the agent of the defendant whose duty it was to collect an account against the plaintiff's husband was sent by the defendant at various times to the plaintiff's house for the purpose of collecting this account, and, while acting within the scope of his employment as such agent, went to the plaintiff's house, in the absence of the husband, and made threats to the plaintiff that her husband's wages would be garnisheed and foreclosure proceedings would be had against the property, that the defendant had been requested not to permit the agent to go again to the plaintiff's house and disturb her, that on one occasion the defendant's agent, knowing that the plaintiff was ill and had undergone several operations and was suffering with a bad heart, entered the plaintiff's house, over her protest, while she was begging him not to disturb her, and walked over the house, addressed the plaintiff in vicious terms and tones, demeaned her husband and pretended that he was trying to locate the property to which the defendant had title, that the agent's conduct produced a nervous shock to the plaintiff which caused her to have another attack with the heart and caused her to remain in bed three weeks, and aggravated her condition to such an extent that she became a nervous wreck, from which she has not recovered and will not recover for a long period of time, the petition set out a cause of action against the defendant for a malicious and wilful trespass against the rights of the plaintiff, for which she could recover damages for the injuries alleged. *Young* v. *Western & Atlantic Railroad,* 39 *Ga. App.* 761 (148 S. E. 414) ; *Atlanta Hub Co. Inc.* v. *Jones,* 47 *Ga. App.* 778 (171 S. E. 470) ; Civil Code (1910), §§ 3603, 4413.

2. The allegations in the petition in which the plaintiff's physical condition was described as above were good against special demurrer upon the ground that they were vague, indefinite, and irrelevant and had "no probative value."

3. The petition set out a cause of action and was good as against general and special demurrer. The court did not err in overruling the demurrer.
*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 12, 1935.

*Robert T. Efurd, Mose S. Hayes,* for plaintiff in error.
*Frank C. Hendryx, Clint W. Hager,* contra.