John D. Polen, Jr. *v.* George Huber

(No. 8135)

Submitted September 24, 1935.  Decided October 1, 1935.

Maxwell and Kenna, Judges, dissenting.

*Russell, Hitshew & Adams,* for plaintiff in error.

*W. H. Carter* and *J. W. Vandervort,* for defendant in error.

Litz, President:

Defendant, George Huber, complains of a verdict and judgment of $300.00 against him in favor of plaintiff, John D. Polen, Jr., in an action of trespass on the case, for assault and battery.  Huber struck Polen on the jaw with his fist, causing a fracture of the bone.

Defendant pleaded the general issue and also filed a special plea of *son assault demesne.*

The assault being admitted, the only issue of fact before the jury was whether the attack was justifiable.  The testimony of plaintiff is in the negative while that of defendant and another eye witness tends to establish the affirmative.

The plaintiff tendered eight instructions and defendant six, all of which were refused. The court submitted to the jury in lieu thereof an instruction, as follows: "It is charged and admitted that the defendant, George Huber, struck the plaintiff, John Polen, Jr., with his fist whereby the jaw of the plaintiff was broken. The plaintiff, Polen, contends that the assault was unprovoked. The defendant, Huber, contends that he struck Polen in self defense. Mere words and abusive language unaccompanied by hostile acts do not warrant an assault, so if the jury believe from the evidence that the defendant, George Huber, struck the plaintiff, Polen, without reasonable cause or excuse whereby the jaw of the plaintiff was broken, then the plaintiff, Polen, is entitled to recover from the defendant such damages as they may believe necessary to compensate the plaintiff for the injuries which he sustained, including the pain and suffering which may have ensued, loss of earnings if any, and the expenses which he may have incurred on account of medical and surgical services. And in the event the jury believes that said assault was unprovoked and wilful and that compensatory damages are not sufficient by way of punishment, then, in that event, the jury may award to the plaintiff punitive damages by way of punishment, but punitive damages may be awarded only in the event the compensatory damages which may be awarded are not sufficient by way of punishment, and then only to the extent that taken together with the compensatory damages the purpose of punishment will be met.

"But in the event the jury believe that the plaintiff, Polen, provoked the assault by approaching Huber in a hostile manner, using profane and abusive language, following Huber when he retreated and threatening to strike Huber when he was in a position to make a blow effective, then the defendant, Huber, was justified in striking the said Polen if he had reason to believe that it was necessary to strike the plaintiff to prevent injury to himself, and used no more force than he in good faith believed was necessary under the circumstances to defend himself, then the jury must find for the defendant."

Defendant insists that his six instructions should have been

granted under the general rule entitling litigants to pertinent instructions correctly propounding the law, and that the refusal of his instructions 1 and 2, requiring the plaintiff to establish his case by a preponderance of evidence, was especially prejudicial. Admitting the assault in his special plea, he assumed the burden of showing justification. 2 R. C. L. 577; 5 C. J. 664; *Gizler* v. *Witzel,* 82 Ill. 322; *Rinehart* v. *Whitehead et al.,* 64 Wis. 42, 24 N. W. 401; *Sellman et al.* v. *Wheeler,* 95 Md. 751, 54 Atl. 512; *Marrcott* v. *Williams,* 152 Cal. 705, 93 Pac. 875; *Morris* v. *McClellan,* 154 Ala. 639, 45 So. 641, 16 Ann. Cas. 305; *Williams* v. *Campbell,* 22 Wyo. 1, 133 Pac. 1071; *Robertson* v. *Sisk,* 115 Ark. 461, 171 S. W. 880; *Gillespie* v. *Bopp,* 225 Mass. 534, 114 N. E. 731; *Roberson* v. *Stokes,* 181 N. C. 59, 106 S. E. 151; *Clay* v. *Brown,* 38 Ga. App. 157, 142 S. E. 911. His instruction 4, that ''the law permits every man to defend himself when wantonly assailed, and in such defense it requires of him only such prudence as is common among ordinary careful men, and that, if unusual and not to be expected results follow from a defense so made, the original wrongdoer and aggressor must suffer for them, and not he who only engaged in his own defense and could not have foreseen such unusual results,'' is abstract and was, therefore, properly refused. His instructions 3, 5 and 6, submitting the theory of self-defense or justification, are substantially covered by the instruction of the court.

The trial court may, under Code 1931, 56-6-19, submit to the jury, in lieu of instructions requested by the litigants, a written charge incorporating the substance and, ''as far as may be,'' the language of the pertinent instructions tendered which correctly propound the law. *Atlas Realty Co.* v. *Monroe,* 116 W. Va. 337, 180 S. E. 261. We find no merit in any of the other points of error.

The judgment, complained of, is affirmed.

*Affirmed.*