29182. DALTON *v.* JACKSON.

━━━━━━━━━━━━━━━━

Decided January 16, 1942. Rehearing denied February 25, 1942.

━━━━━━━━━━━━━━━━

*Winfield P. Jones, W. F. Brandt,* for plaintiff.
*Fine & Hendrix, Russell G. Turner,* for defendant.

Gardner, J. The plaintiff brought suit seeking recovery of damages for an alleged rape. The verdict was for the defendant. A motion for new trial was based on the general grounds. To this were added twenty-two special grounds. The court overruled the motion, and the defendant excepted. Assignments of error on the general grounds are not urged.

━━━

1. Grounds 4 through 16 complain of the admission of testimony of sixteen witnesses who testified as to the good character of the defendant. It is contended by the plaintiff that in such an action evidence as to the good character of the defendant was not competent. On this question the authorities of other jurisdictions are divided; but in our State, by virtue of our Code and decisions, such testimony is admissible. The Code, § 38-202, provides: "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." In *Caldwell* v. *Caldwell,* 59 *Ga. App.* 637 (1 S. E. 2d, 764), where it was alleged that the defendant had stolen certain notes, this court held: "The general character of a party to a case is relevant and may be put in issue where 'the nature of the action involves such character and renders necessary or proper the investigation of such conduct.' Code, § 38-202. On the trial of a suit by an administrator to recover on promissory notes alleged to have been given by the testator of the defendants to the intestate of the plaintiff, which notes, as alleged, had become lost or stolen, where the evidence on behalf of the plaintiff contained intimations that the defendants' testator, the maker of the notes, had stolen them from the plaintiff's intestate, the payee, who was the father of the maker, the nature of the action involved the character of the maker of the notes respecting his honesty and integrity, and evidence as to his good character for honesty and integrity was properly admitted." In *McNabb* v. *Lockhart,* 18 *Ga.* 495 (11), the court held: "In a suit for the loss of money, committed to the custody of the defendant, involving the general character of the party, as it does, and going directly to affect it, it is competent for the defendant to give in evidence his general character for honesty and trustworthiness." To the same effect, see *Falkner* v. *Behr,* 75 *Ga.* 671 (5). Where the perpetration of a fraud by the defendant is involved, evidence of the good character of the defendant is admissible. *German American Mutual Life Association* v. *Farley,* 102 *Ga.* 720 (5) (29 S. E. 615). These grounds show no merit.

2. Ground 17 complains of a remark directed to a witness by the judge. This ground shows no reversible error.

3. The other grounds complain of certain excerpts from the

charge to the jury. It is contended that the portions of the charge on which error is assigned were calculated to "impress the jury that the plaintiff could not recover unless special damages were shown." From a reading of the whole charge we do not think the jury were so impressed. Under the allegations of the petition we think the portions of the charge on which errors are assigned were proper. In addition the court charged: "Gentlemen, if you should believe that this defendant did wrongfully and with force, and without the consent of the plaintiff, assault her as alleged and have carnal knowledge of her, as claimed in this suit, then and in that event . . that would be an unlawful assault upon the person for which she would be entitled to recover damages, if the jury should believe she was assaulted by the defendant in the manner as charged in her petition. If, on the other hand, the jury should not believe that the defendant assaulted her, as charged in this petition, then and in that event the plaintiff would not be entitled to recover. So you see . . how narrow the issue is. The plaintiff says, and charges, that she was assaulted by this defendant in the manner, and as charged in her petition. If so, she would be entitled to recover damages. The defendant says he did not assault her, or harm her in any manner as set out in her petition, or in any other manner." This charge is quite different from those charges dealt with in the cases cited by plaintiff, as follows: *Flanders* v. *Daley,* 124 *Ga.* 714 (52 S. E. 687); *Cochran* v. *Mitchem,* 143 *Ga.* 35 (84 S. E. 127, Ann. Cas. 1916B, 450); *Byfield* v. *Candler,* 33 *Ga. App.* 275 (6) (125 S. E. 905); *Copeland* v. *Donehoo,* 36 *Ga. App.* 817 (138 S. E. 267).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*