33273. WALKER *v.* WHITTLE, Sheriff, *et al.*

446

DECIDED MARCH 6, 1951.

*Emory S. Rowland, Randall Evans Jr.,* for plaintiff:
*Nelson & Nelson, George W. Westmoreland, Harris, Chance & McCracken,* for defendants.

MacINTYRE, P. J. ■ In *McDaniel* v. *Atlanta Coca-Cola Bottling Co.,* 60 *Ga. App.* 92, 99 (2 S. E. 2d, 810), quoting from *Pavesich* v. *New England Life Insurance Co.,* 122 *Ga.* 190 (50 S. E. 68), there is an extended discussion of the constitutional right of people to be secure in their persons, houses, papers, and effects (art. 1, sec. 1, par. 16, Constitution of Georgia; Code, Ann., § 2-116), in which it is held that the right of privacy is de-

rived from natural law and embraced within the absolute right of personal security and liberty. The unlawful entry by an officer into the home, if it is such as to constitute an invasion of the right of privacy of the wife of the head of the family and results in fright and shock to her, is such a wilful and intentional tort as to give her a cause of action. As stated in *Young* v. *W. & A. R.*, 39 *Ga. App.* 761 (148 S. E. 414): "The defendant's agent committed a trespass upon the home in which the plaintiff resided with her husband, and whether the cause of action for the unlawful search of and trespass upon the home was vested in the husband, the wrongful acts complained of nevertheless included a violation of the plaintiff's right of privacy and of personal security and constituted a positive wilful tort against her." See also *Byfield* v. *Candler*, 33 *Ga. App.* 275 (125 S. E. 905); *Newcomb Hotel Co.* v. *Corbett*, 27 *Ga. App.* 365(1) (108 S. E. 309); *Personal Finance Co. of Atlanta* v. *Loggins*, 50 *Ga. App.* 562 (179 S. E. 162); *Atlanta Hub Co.* v. *Jones*, 47 *Ga. App.* 778 (171 S. E. 470). It appears from the allegations of the petition that the plaintiff's husband was at his home at approximately 1 a. m.; that he had committed no crime and there was no warrant for his arrest; that, in spite of these facts, the defendant Whittle's deputies, acting under his authority, illegally entered the home where the plaintiff was residing with her husband and arrested him. Such an entry is in violation of art. 1, sec. 1, par. 16 of the State Constitution. Code (Ann.) § 2-116. The unlawful arrest also constitutes a violation of § 26-1502, which provides as follows: "Any person who shall arrest, confine, or detain a person without process, warrant, or legal authority to justify it, shall be guilty of a misdemeanor." The unlawful entry into the plaintiff's home for the purpose of committing a misdemeanor therein, *if the plaintiff was present* and suffered from shock and fright as a result thereof, is such a violation of her right of privacy within the confines of her home as to give her a right of action. This right arises under circumstances as detailed in the petition, where it appears that the unlawful entry amounts to a wilful and intentional wrongful act. The petition in the instant case shows such conduct on the part of the deputies of the Sheriff of Richmond County. The right arises under the State Constitution and

State laws. Insofar as the plaintiff seeks to recover in the instant case under and by virtue of an alleged violation of the Fourth Amendment to the Federal Constitution (Code, § 1-804), her action is not well founded, as this provision of the Federal Constitution is not one of the privileges and immunities of citizens of the United States which the Fourteenth Amendment to the Federal Constitution forbids the States to abridge. It relates only to Federal action. See *Johnson* v. *State*, 152 *Ga.* 271 (109 S. E. 662); *Buffington* v. *State*, 33 *Ga. App.* 162(3) (125 S. E. 723).

■ Under Code § 24-2805, sheriffs are required to give an official bond conditioned for the faithful performance of their duties to be performed by themselves and their deputies. Such a bond is, under Code § 89-418, obligatory on both principal and sureties thereon, for the use and benefit of every person injured by any wrongful act of the principal committed under color of his office. The action here is one directly for the breach of the bonds, and the fact that a tort is disclosed in showing the breach of the bond does not render the action one *ex delicto*. The breach of the bond is alleged as the gist of the action. The fact that some of the language used, in showing that the wrongful act of the officers amounted to a breach of the bond, happens to be what is denominated a tort does not render the action one ex delicto. The suit is directly upon the bond. *Jefferson* v. *Hartley*, 81 *Ga.* 718, 719 (9 S. E. 174); *Copeland* v. *Donehoo*, 36 *Ga. App.* 817 (138 S. E. 267); *Powell* v. *Fidelity & Deposit Co.*, 45 *Ga. App.* 88 (4) (163 S. E. 239); *Standard Surety & Casualty Co. of New York* v. *Johnson*, 74 *Ga. App.* 823(3) (41 S. E. 2d, 576); *Jackson* v. *Norton*, 75 *Ga. App.* 650, 653 (44 S. E. 2d, 269); *Carlan* v. *Fidelity & Casualty Co. of New York*, 55 *Ga. App.* 271 (1) (190 S. E. 47).

Special demurrers were filed by the defendants Whittle and the surety on his bond on the ground of misjoinder of parties defendant, in that they had no contractual or other relation with United States Fidelity & Guaranty Company, the sole defendant subject to the jurisdiction of the Superior Court of Johnson County where the action was brought. While it would appear that this special demurrer is well taken, the trial court's judgment on the general demurrers will necessarily decide the case.

The only allegations of the petition as to Sheriff Brooks of Jackson County are: that he communicated to his codefendant, Sheriff Whittle of Richmond County, a request "that one Robert H. Walker be arrested and placed in jail"; that he furnished no warrant to Whittle; and that there had never been any warrant or process issued for the arrest of the plaintiff's husband in Jackson County, nor was there such warrant or process 'in Richmond County. By amendment it was alleged that Brooks acted under color of his office and by sending such communication was responsible for the acts of Whittle and his deputies. Construing the petition against the pleader, it merely appears that Brooks asked for the arrest of "one Robert H. Walker" (not otherwise identified as the Robert H. Walker who was subsequently arrested), and at the time he did so no warrant for such arrest had been issued. However, the warrant need not have been in existence at the time the request was made. It would have been perfectly proper for Whittle, acting in his official capacity, to have obtained a warrant in Richmond County before proceeding to the plaintiff's home, and to have thereafter turned him over to the proper authorities in Jackson County. See *Burrow* v. *Southern Ry. Co.*, 139 *Ga.* 733 (2) (78 S. E. 125), and Code § 27-209, which provides: "An arresting officer may arrest any person charged with crime, under a warrant issued by a judicial officer, in any county, without regard to the residence of said arresting officer; and it is his duty to carry the accused, with the warrant under which he was arrested, to the county in which the. offense is alleged to have been committed, for examination before any judicial officer of that county. The county where the alleged offense is committed shall pay the expenses of the arresting officer in carrying the prisoner to the county; and the officer may hold or imprison the defendant long enough to enable him to get ready to carry the prisoner off." In consequence, nothing is alleged as to the conduct of Brooks which was itself illegal, nor could Brooks reasonably have foreseen that Whittle would proceed to act on his request in an unauthorized and illegal manner when it would have been possible for him to do so in a proper and legal way. It follows that no cause of action is set out against the defendant Brooks and his surety, United States Fidelity and Guaranty Company. The

trial court therefore properly sustained the general demurrer as to these defendants.

■ Although the petition sets out a cause of action against the Sheriff of Richmond County and the surety on his bond, the Superior Court of Johnson County lost jurisdiction of these defendants when the demurrers of the Sheriff of Jackson County and the surety on his bond were sustained. The surety on this bond was the only defendant with a residence or office and place of doing business in Johnson County. Jurisdiction of the remaining defendants was therefore lost by the Superior Court of Johnson County when the action was dismissed as to this defendant.

The trial court did not err in sustaining the demurrers and dismissing the petition.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*