### 12193. HINES, director-general, *v.* ADAMS.

That the failure of the plaintiff to have a ticket for transportation was due to absence of the ticket-agent at the station at which she went upon the defendant's train was sufficiently shown by the evidence.

An illegal arrest of the plaintiff at the instance of the defendant's conductor was shown by the evidence. Touching is not essential to an arrest. If an arresting officer takes charge of a person who knows him to be such and who reasonably thinks, from the conduct of the officer, that he is under arrest, an arrest is made.

Arrest without a warrant is a tort where not within one of the statutory exceptions.

The verdict for $750 in favor of the plaintiff, a woman who was in a delicate condition and who became so excited and overwrought by her illegal arrest that she remained in bed for about eight days and was confined to the house about six weeks, does not appear to be so excessive as to show bias and prejudice on the part of the jury.

The court did not err in charging in the words of the Penal Code (1910), § 914, as to what constitutes an arrest.

DECIDED JUNE 14, 1921.

Action for damages; from city court of Savannah — Judge Freeman. January 6, 1921.

*H. W. Johnson,* for plaintiff in error, cited 2 Am. & Eng. Enc. Law (2d ed.), 834; 65 So. 705 (3); 8 *Ga. App.* 277; 78 *Ga.* 733 (1).

*Paul Fusillo, Alvan B. Rowe,* contra, cited: 88 *Ga.* 529; 90 *Ga.* 562; Civil Code (1910), §§ 2714, 2750; Penal Code (1910), § 925; 2 *Ga. App.* 499; 102 *Ga.* 474; 89 *Ga.* 554; 75 *Ga.* 51; 108 *Ga.* 496; 113 *Ga.* 279; 8 *Ga. App.* 225; 14 *Ga. App.* 160; 14 *Ga. App.* 258; 19 *Ga. App.* 670; 142 *Ga.* 119; 128 *Ga.* 241; 90 *Ga.* 463; 7 Calif. App. 493.

LUKE, J. This is a companion case of that of *Hines* v. *Adams,* ante, 155. In this case Mrs. Adams, the wife of J. B. Adams, sued for damages for humiliation suffered and for injuries to her health, alleged to have been caused by her illegal arrest at the instance of the plaintiff in error, acting by and through his conductor in ordering such arrest. A verdict of $750 was returned. In this case, as in that, there is ample evidence

to show that the failure to have a ticket for transportation from Fort Screven to Savannah was due to the absence of the ticket-agent at Fort Screven, and that the conductor summoned in advance police officers of the City of Savannah to meet him at the Tybee station in that city. As to what occurred there, the conductor testified as follows: "I met the policeman at the Tybee station, and pointed the plaintiffs out as people who refused to pay their fare. The policeman then requested them to pay fare, or asked them what they were going to do. . . Mr. Adams still refused to pay the fare. I told him then that unless they paid the fare I wanted them arrested, and I left them. They did not pay down there. . . I left them in the custody of the officer, if they did not pay the fare, to make the arrest. The question was asked: "And the next thing you saw them was upstairs near the office?" The conductor replied: "Yes, sir." Question: "And the policeman then told you that they had decided to pay the fare?" Answer: "Yes, sir." Question: "And you received the fare and released them?" Answer: "Yes, sir." The conductor further swore: "That is the customary thing to do, to lock up a man and his wife, or a lady, or anybody, when refusing to pay fare." Mrs. Adams testified: "He (the policeman) said we would either have to pay the fare or he would take us to the barracks. We did not pay the fare then. One policeman was by my husband and one by myself. We went that way up to the ticket-office." There was evidence that Mrs. Adams and her husband were accompanied by two policemen a distance of several yards to the ticket-office, where Mr. Adams paid the fares to a policeman, who in turn handed them to the conductor.

1. An actual touching of the hand is not essential to constitute an arrest. If an arresting officer, known to be such, takes charge of a person who reasonably thinks, from the conduct of the officer, that he is under arrest, an arrest is made. The evidence in this case warranted the jury in concluding that the plaintiff was arrested.

2. Whoever arrests a person without a warrant is guilty of a tort in making an illegal arrest, unless he can justify under one of the exceptions enumerated in the Penal Code (1910), § 917. *Piedmont Hotel Co.* v. *Henderson*, 9 *Ga. App.* 672 (3) 72 S. E. 51). Where, as in this case, no warrant was issued, and the evi-

dence fails to show that the arrested person violated any law, State, municipal, or Federal, clearly the arrest was illegal and a tort.

3. There being evidence that Mrs. Adams, who was in a delicate condition, was so excited and overwrought by her illegal arrest that she remained in bed for eight days, and was confined to the house about six weeks, it cannot be said that the verdict was susceptible to any of the attacks made upon it by the general grounds of the motion for new trial.

4. It does not appear that the verdict was so excessive as to betray bias in favor of the plaintiff, or prejudice against the defendant, and the judgment will not be reversed upon the ground that the verdict is excessive.

5. The court did not err in charging in the words of the Penal Code (1910), § 914, as to an arrest; and the overruling of the motion for a new trial was not error for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*