*H. H. Perry, A. C. Wheeler,* for plaintiff in error.

*Ed. Quillian, Luther Roberts, C. N. Davie,* contra.

---

### 15234.  STEMBRIDGE *v.* WRIGHT *et al.*

STEPHENS, J. 1. A municipal magistrate such as a mayor or a recorder can inquire into the violation of a State statute only in a case pending before him wherein the defendant is charged with the violation of an ordinance of the municipality. Penal Code (1910), § 952.

2. In no event has a municipal magistrate jurisdiction to assess a fine against a person for the violation of a State statute.

3. Where a person brought before a municipal magistrate is charged only with the violation of a State statute prohibiting the running of a motor-vehicle along the public highway without a State license, or without a license number plate upon the vehicle, and where such person is nowhere charged with the violation of a municipal ordinance, the magistrate has no jurisdiction whatsoever to act in such a case, and the imposition by him of a fine for the violation of such statute, and the ordering of the defendant held in custody until the fine is paid, is an illegal act. Such custody is illegal and constitutes an illegal imprisonment, for which the magistrate and the police officer holding the defendant in custody for the purpose of enforcing the payment of the fine with knowledge of all of the facts are both liable in tort to the person thus illegally imprisoned.

4. Although an arrest may be legal and regularly made, an imprisonment thereafter is unlawful when used as a duress by which money is illegally extracted from the person held in restraint. An arrest knowingly made for such illegal purpose, or knowingly used for such illegal purpose, is illegal, and the person making such arrest and holding the person arrested in custody is liable in tort for false imprisonment.

5. It is no defense that a person perpetrating an illegal arrest or imprison-

ment is ignorant of the illegality of his acts. Knowingly committing or participating in an act which is in fact illegal is sufficient to fix liability.

6. In a suit against a magistrate and police officer for an alleged illegal arrest and imprisonment growing out of the above-narrated facts, an allegation in the petition that one of the defendants violated the law of the State, in proceeding to the place where the alleged illegal act was perpetrated, in a motor-vehicle upon which the State license had not been paid, was irrelevant and was properly stricken on demurrer.

7. The evidence for the plaintiff authorized a finding that he had been illegally imprisoned by both defendants, and the grant of a nonsuit was error.

8. See, in this connection, the following authorities: Glazar *v.* Hubbard, 102 Ky. 68 (42 S. W. 1114, 39 L. R. A. 210, 80 Am. St. R. 340) ; Hackett *v.* King, 88 Mass. 58; Vanderpool *v.* State, 34 Ark. 174.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 13, 1924.

Action for false imprisonment; from Gilmer superior court— Judge Blair. October 8, 1923.

STATEMENT BY STEPHENS, J. Stembridge brought suit against Wright and Waters for false imprisonment. Upon the trial the following evidence was in substance adduced: The defendant Wright was the mayor-pro tem., and the defendant Waters was the marshal, of the town of Ellijay. On December 30, 1921, the plaintiff, while in said town, was approached by said marshal and asked if a certain motor-vehicle which bore no State license number plate was the property of the plaintiff; the plaintiff admitted to the marshal that the vehicle belonged to plaintiff and that it had been that day driven to said town by his son under the authority and direction of plaintiff; whereupon the marshal placed the plaintiff under arrest, charged with the violation of the State statute prohibiting the operating of a motor-vehicle without a State license number plate; the marshal then procured the defendant Wright, and Wright, after learning of the above facts, fined the plaintiff $10 for the violation of the said State statute and directed the marshal to hold the plaintiff in custody until the payment of the fine; the plaintiff soon thereafter paid the fine and was released. At the conclusion of the above evidence the trial judge granted a nonsuit, and the plaintiff excepted.

*Morris, Hawkins & Wallace,* for plaintiff.

*A. H. Burtz,* for defendants.