20968, 21003.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.* DABNEY; and *vice versa.*

STEPHENS, J. 1. Where a petition as amended which alleges in one count an illegal arrest and an illegal imprisonment is demurred to on the ground that it sets out no cause of action, and that it is also defective in that it joins in one count two causes of action, and the demurrer is sustained on the latter ground but is overruled on the former ground, and where the petition is afterwards amended by alleging, in what purport to be two counts, a cause of action in one count for an illegal arrest, and a cause of action in the other count for an illegal imprisonment, an exception to the overruling of the demurrer does not present for consideration the question as to whether an illegal arrest and an illegal imprisonment constituted one and the same wrong and can not be alleged in separate and distinct counts.

2. Where the petition as amended purports to set out a cause of action for an illegal arrest in one count, and a cause of action for an illegal imprisonment in another count, and the case proceeds to trial upon both

counts, it is not error, upon the ground that an illegal arrest and an illegal imprisonment are not in law separate and distinct wrongs, for the court to submit to the jury's consideration the plaintiff's case as alleged in the two counts in the petition.

3. Where, upon the trial of a case against a railroad company to recover damages for an alleged illegal arrest and illegal imprisonment of the plaintiff by and through the defendant's alleged authorized agent or agents, evidence that the defendant's local agent in charge of the office and premises where the plaintiff was employed stated to the special agent of the railroad that "we have got enough evidence now to put him [i. e., the plaintiff] in the penitentiary, and we are going the limit," that the special agent, who was a special police officer and a deputy sheriff of Fulton county, employed by and paid by the defendant, and whose duties were "to catch thieves and pilfering people around the railroad and to keep all of that down," and "to see that no stealing or trespassing or various other things goes on in the yards or warehouse," had, prior to this, been active in connection with similar agents of other railroads in investigating the loss of various articles of freight which had been stolen from freight-cars of the various railroads involved, and had ascertained from some men, who had been detained by the police authorities for investigation, that they had committed many of the thefts and had implicated the plaintiff as having furnished information upon which they acted successfully in committing the thefts, and that the special agent had conferred with the State and Federal authorities with a view to prosecuting the perpetrators of these thefts, that about a half hour after the statement of the local agent relative to putting the plaintiff in the penitentiary was made, a police officer of the City of Atlanta came to the place where the plaintiff was at work and arrested him and carried him to the police station, and that about that time the special agent came out and the plaintiff was ordered locked up and put in a cell, that in about thirty minutes after the plaintiff had reached the police station he was carried into a detective office where the special agent of the defendant was present, and that while there in the presence of the special agent of the defendant, the plaintiff was accused of complicity in the thefts, and upon the plaintiff's denial of such complicity he was called a vile name by the special agent of the defendant, who said to the plaintiff, "I am going to show you something," and where the special agent later and during the plaintiff's incarceration said to the plaintiff, "We will turn you loose and convict these fellows," if you will "plead State's evidence," the evidence was sufficient to authorize an inference that the special agent of the defendant railroad had authority to arrest, or order the arrest, of the plaintiff, and that the plaintiff's arrest and imprisonment under the circumstances was by the defendant, through its special agent as the defendant's authorized agent with authority to arrest and imprison the plaintiff. See, in this connection, *Martin* v. *Bridges*, 18 *Ga. App.* 24 (2) (88 S. E. 747), as to proof of agency by circumstances. Civil Code (1910), §§ 3593, 3595.

4. The testimony of the plaintiff that the police officer, when making the arrest of the plaintiff, stated that the special agent of the defendant

wanted to see the plaintiff at the police station, was relevant and admissible as tending to show, not that the special agent of the defendant had authorized the arrest, but that the arrest itself was purportedly made for and in behalf of the special agent of the defendant. Civil Code (1910), § 5763; *Cohen* v. *Parrish*, 105 *Ga.* 339 (3) (31 S. E. 205); *Clayton* v. *Tucker*, 20 *Ga.* 452 (3). Moreover, the admission of such evidence does not constitute reversible error where substantially the same evidence was given by the plaintiff, without objection, as follows: that upon inquiry being made by the plaintiff of the desk sergeant at the police station as to why the plaintiff was wanted, the desk sergeant replied that the person who was the special agent of the defendant railroad wanted to see the plaintiff. See citations in 1 Michie's Dig. Ga. R. 915.

5. A charge by the court that "a principal may be held liable to third persons for the acts of the agent while acting within the power or scope of his employment, real or apparent authority, if done by the act of the agent the principal might be guilty of false imprisonment," was not error upon the ground that it was not adjusted to the evidence in that there was no evidence to authorize a finding that the police officer in making the arrest was acting as the agent of the defendant.

6. The court having expressly instructed the jury that "the allegations in the petition and the answer compose the contentions of the parties, and are not to be considered by you as evidence in the case," a statement afterwards made by the court to the jury, in response to the foreman's question, whether, if the defendant ordered the arrest of the plaintiff, even though the actual arrest was made by a police officer, the defendant would be liable, that "the plaintiff must recover upon the allegations as he presents them to the court and jury in his petition, [that] you would not be authorized to find for the plaintiff and against the defendant on some other or on any other state of facts than those in the petition alleged, and if he is entitled to recover he would be entitled to recover on his allegations as made in his petition, you will study the allegations in the petition and apply them to the law that I have given you in charge," was not subject to the objection that it was error in that it instructed the jury that they would be authorized to bring in a verdict for the plaintiff upon the mere allegations in the petition without any reference to the evidence.

7. Although the evidence was amply sufficient to authorize a finding that the arrest and the imprisonment of the plaintiff were not caused by the defendant but by a police officer of the City of Atlanta, and although the testimony of the plaintiff in many material respects was contradicted by disinterested witnesses offered by the defendant, the credibility of the witnesses was a matter solely for the jury. The testimony of the plaintiff, when taken in connection with other testimony adduced in the case, was sufficient to authorize the inference that his arrest and imprisonment for several days, both being in the absence of the issuance of a warrant therefor, were illegal, and were accomplished and authorized by the defendant through its authorized agent.

8. There being evidence to authorize the inference that the plaintiff was innocent of the charges preferred against him, and that, after having

146

been illegally arrested and while during illegal imprisonment, he was, without provocation, grossly insulted and called a vile name, and hit on the head and knocked unconscious by the special agent of the defendant who had ordered the arrest and imprisonment, that after the plaintiff's arrest he was not allowed to communicate with his wife or with an attorney, and was incarcerated for two nights and two days without being allowed to give bond, and during a part of the time was deprived of anything to eat, and that he suffered damage from humiliation and wounded feelings, this court can not say as a matter of law that the verdict found for the plaintiff in the sum of $10,000, which was approved by the trial judge, was so excessive as to manifest prejudice or bias or mistake on the part of the jury.

9. The evidence authorized the verdict found for the plaintiff, and no error of law appears.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 3, 1931.

*Little, Powell, Reid & Goldstein, A. S. Clay III,* for plaintiff in error.

*Etheridge, Peck & Etheridge, E. R. Hill, Jo Johnson,* contra.