31249, 31253.   VICKERY *v.* FOSTER, Sheriff; *and vice versa.*

DECIDED JUNE 26, 1946.   REHEARING DENIED JULY 25, 1946.

*George & John L. Westmoreland, William G. Grant,* for plaintiff in error.

*Houston White, Sam F. Lowe Jr.,* contra.

PARKER, J.  ■  A proper decision in this case involves primarily a construction of the act approved March 15, 1943 (Ga. L., 1943, p. 971), and the amending act of March 6, 1945 (Ga. L., 1945, p. 850), creating and setting up a Civil Service Board in Fulton County. It may be said in the outset that some of the words and phrases in these acts are of doubtful meaning, so much so that honest minds may differ in construing them.

The main part of the act of 1943 to be construed is section 18 relating to dismissals, which is as follows: "Removal. Any appointing authority may dismiss a subordinate in the classified service for cause, upon filing with the board copy of written notice furnished the employee to be removed, setting forth in detail the reasons for such action, before the effective date of such removal. The dismissed employee shall have an opportunity to answer the charges in writing within ten (10) days, and to file with the board affidavits in support of such answer. All papers filed in the case shall be subject to inspection by the persons affected. Such action of the appointing authority shall be final, except the board may reinstate an officer or employee so removed in case it appears after

proper hearing that the removal was made for personal, political, or religious reasons, and not justified. The board may, after proper investigation of the circumstances surrounding the dismissal and the fairness thereof, approve the transfer or re-employment of the employee involved either to the same position, if approved by the appointing authority, or to a lower position as the board may direct. Provided, however, the board, within thirty (30) days from any action removing, demoting, suspending, or accepting the resignation of any officer or employee may, on its own motion or on the motion of any party, reopen the case and vacate, modify, or revise its former order so as to lessen, but not increase, the penalty imposed, but after the end of such thirty (30) days, the board shall not have any authority to reopen such case for any cause."

The pertinent part of the amending act is section 18 (a), in these words: "Whenever an employee has been suspended, demoted, discharged, disciplined, or otherwise caused to suffer any loss in classification, grade, or salary, such employee shall have the right of appeal to the Civil Service Board. This right may be exercised at any time within ten days from the date of such suspension, demotion, discharge, or other disciplinary action by a request in writing for such hearing filed with the secretary of said board. Immediately upon the receipt of such request, the secretary shall notify the members of the board and call a meeting of the board for proper hearing of the case. The board shall proceed to hear all parties at interest and such evidence as may be introduced by any of them at the earliest practicable date after notice of the appeal has been filed. The filing by an employee of an answer to the charges to the written statement filed by the appointing authority with the board as provided in section 18 above, without further formality, shall be deemed a sufficient demand for a hearing."

Mrs. Vickery as matron and deputy sheriff was in that group of employees defined as being in classified service under the acts. While any appointing authority may dismiss for cause a subordinate in the classified service, the dismissed employee is afforded a hearing on the charges on which the dismissal is based by filing an answer in writing within ten days with the board with affidavits in support of such answer. The filing of the answer is a sufficient demand for a hearing before the board under the amending act of 1945. Section 18 further provides that the action of the appoint-

ing authority shall be final unless the board reinstates a removed employee, where it appears after a proper hearing that the removal was made for personal, political, or religious reasons, and not justified. The board may also, after proper investigation of the circumstances surrounding the dismissal and the fairness thereof, approve the transfer or re-employment of the employee involved either to the same position or to a lower position as the board may direct. It is significant that the power conferred upon the board by this last provision was subject to the approval of the appointing authority, in the original act of 1943; whereas the amendment of 1945 struck from section 18 the words requiring the approval of the appointing authority before the board could exercise the power to transfer or re-employ a dismissed employee.

Both the original act and the amendment provide further that the board may within 30 days of any action removing, demoting, or suspending any officer or employee, on its own motion or on the motion of any party, reopen the case and vacate, modify, or revise its former order so as to lessen, but not increase the penalty imposed. This final provision may be construed as relating only to the revision of a former order of the board, or it may be construed as giving the board authority to vacate, modify, or revise either its own order, or the order of an appointing authority removing an employee, under the power given the board to act and reopen the case within 30 days from "any action" removing, demoting, or suspending an employee. We think that the better construction of this provision is that the supervisory powers of the board extend to the consideration and revision of any action taken respecting the removal, demotion, or suspension of an employee. We think that this conclusion is correct when the provision is construed as it must be in the light of the entire purpose and tenor of the act. It seems to us that the disciplinary powers, including dismissal, directed to the appointing authority are subject to review by the board in all cases and at any time within 30 days from the date of the action removing, demoting, or suspending an officer or employee. The right of the dismissed employee to be heard before his dismissal is final, and the right of the board to approve the transfer or re-employment of a dismissed employee without the consent or approval of the appointing authority, and the right of the board to reopen the case and modify or revise a former order so as to lessen

a penalty, are all conferred by provisions in section 18 which follow after the provision giving the appointing authority the power of dismissal. If it may be said that the later provisions of the section are in conflict with the first provision, and that the well-established rule that, when there is a conflict between two parts of an act, the latter in position will be declared to be the law, would apply. See *Gilbert* v. *Ga. R. & Banking Co.,* 104 *Ga.* 412 (30 S. E. 673); *Lamar* v. *Allen,* 108 *Ga.* 158 (33 S. E. 958); *Darby* v. *DeLoach,* 190 *Ga.* 499, 501 (9 S. E. 2d, 626). The same rule of statutory construction is applicable to section 18 (a) of the amending act in construing it in connection with section 18 of the original act. The amendment is the last expression of the legislature and is the law. It gives every discharged or demoted or suspended employee under the act the right of appeal to the board, and gives the board a corresponding right of review in every case without any express limitations on its powers.

There are other reasons why we think that the acts under consideration should be so construed as to uphold the action of the board in setting aside the dismissal of Mrs. Vickery and substituting therefor a suspension of six months. Both acts must be construed in their entirety, and the courts must look diligently for the intention of the legislature in enacting the legislation under review. Code, § 102-102 (9). The primary purpose of the legislation seems to have been to establish a Civil Service Board for Fulton County, with general supervision over selecting, classifying, promoting, demoting, transferring, suspending, laying off, and removing the employees in the various departments of the county government of Fulton County. The provisions of sections 18 and 18 (a) relate merely to the matter of discipline, which is only one of the several purposes covered by the acts. These sections and their provisions may be regarded as merely incidental parts of the general scope and scheme of the legislation. The place and purpose and power of the board is shown by other sections in the acts. The board is authorized to hear and determine appeals and complaints respecting certain enumerated matters "and such other matters as may be referred to the board by the secretary." Section 3 (5) (b). The board or its secretary is empowered to require the attendance of witnesses, the production of books, etc., as evidence in any investigation in connection with the administration of the act.

Section 4 (f). After the effective date of the first act, all appointments, employments, removals, promotions, demotions, transfers, lay-offs, reinstatements, suspensions, leaves of absence without pay, and changes in grade or title in the classified service shall be made and permitted only as prescribed in the act and not otherwise. Section 5 (2). Demotions for cause, made by an appointing authority, are subject to written notice to the secretary of the board, and any employee so demoted has the right of appeal to the board, and it is authorized to approve his demotion or reinstate him to his former position in its discretion. Section 15. Any person in the classified service violating any provision of the act may be dismissed from such service, but shall be entitled to a written copy of the charges and an opportunity to a fair hearing before the board prior to said dismissal. Section 22. Further illustrative of the legislative intent is the fact that the amending act of 1945 struck from section 18 of the original act the words, "if approved by the appointing authority," thus empowering the board to approve the transfer or re-employment of a dismissed employee after investigating the circumstances surrounding the dismissal and the fairness thereof, without the approval of the appointing authority; and section 11 of the amending act made it clear that the filing by an employee of an answer to charges preferred by the appointing authority would be deemed a sufficient demand for a hearing before the board.

Under the various provisions of the two acts construed as a whole and the manifest purpose of the law, we are constrained to hold that the Fulton County Civil Service Board had the power to change the penalty dealt with in this case from absolute dismissal to six months' suspension without pay, although it found that the dismissed employee was guilty of conduct unbecoming an officer, as charged by the sheriff. We think that the several provisions of section 18 of the original act, following the provision lodging in the appointing authority the power to dismiss an employee, together with the other provisions of both acts as pointed out, show a legislative intent and purpose to give the board general supervisory powers over the dismissal of employees in the classified service; and that such power is of a substantial nature and is exercisable by the board in changing a dismissal to a suspension, where the board finds that such dismissal was not justified or that

mitigating circumstances were sufficient to reduce the penalty imposed by the appointing authority. It seems that the General Assembly intended that the board should have the final word in the dismissal of any employee, and section 18 should not be construed as restricting the board to a consideration on appeal of only these cases where the removal was made for political, personal, or religious reasons. It is our opinion that a dismissal not justified for any reason, or a penalty imposed by the dismissing authority which was excessive in the opinion of the board, after a proper investigation of the circumstances surrounding the dismissal or the fairness thereof, can be set aside by the board either on appeal by the aggrieved party or on its own motion, subject only to the 30-day-limitation period after which no case can be reopened for any cause by the board. In view of these conclusions, it follows that the order of the board in this case was authorized, and the superior court erred in setting it aside.

Counsel for the sheriff cite some cases from other jurisdictions which seem to sustain their contentions respecting the construction of the acts involved. They cite Crowe v. Albee, 87 Ore. 148 (169 Pac. 785), in which it was held that under their law the civil service board was confined to a determination of whether the dismissal was for political or religious reasons or was in good faith and for the improvement of the public service. · However, the court pointed out very clearly in its opinion that section 108 of chapter 4 of the charter involved "limits the investigation of the civil service board to a consideration of whether the removal . . was for political or religious reasons, or was not made in good faith for the purpose of improving the public service, and that the burden of proof in such examination is imposed upon the discharged employee." Counsel cite also People ex rel. Hamilton v. Cohen, 355 Ill. 499 (189 N. E. 489). The opinion therein shows very definitely that the commission was expressly limited by the statute to a decision as to whether the removal was made for political, racial, or religious causes, and that the commission had no jurisdiction or authority to review, consider, or determine any other question. Other cases from other States, cited by counsel, were based apparently on statutes expressly limiting the authority of the reviewing board or court. We do not think that our statutes under consideration go as far as the statutes of those

States from which the cases cited have come, and, furthermore, we are not bound by those foreign decisions as controlling precedents in the construction of Georgia statutes.

■ In the state of the record before us, it is difficult to tell just what rulings are complained of in the cross-bill of exceptions. As to the main question presented therein counsel for the plaintiff in error have helped this court by stating in their briefs that the rulings by the superior court are narrowed down to three questions, which we may summarize in one, as follows: Were the answer and the supporting affidavits filed by the discharged employee sufficient, as a matter of law, to present an issue of fact for determination by the board, without more specific allegations of fact showing personal or political reasons for her discharge? We think that the court, in passing on a demurrer to the answer and the supporting affidavits, properly ruled that they were sufficient under the statute. The original act simply says that "the dismissed employee shall have an opportunity to answer the charges in writing within ten (10) days, and to file with the board affidavits in support of such answer." This is all that the statute requires of a discharged employee. In this case, Mrs. Vickery answered the written notice of dismissal in four separate paragraphs, denying: (1) the charge of reckless driving, (2) the charge of driving an automobile under the influence of intoxicating liquor, (3) the charge of being guilty of conduct unbecoming an officer, and (4) further answering that in her opinion her removal was made for (a) personal reasons, (b) political reasons, (c) and was not justified by the facts in the case; and a number of supporting affidavits were filed with the answer. We think that this answer was sufficient under the statute, and that the demurrer to the answer was properly overruled. Furthermore, the court struck on motion of the sheriff certain parts of the supporting affidavit of Mrs. Vickery which tended to show that the sheriff thought she had worked against him in his campaign, and giving other reasons why she was justified in feeling that the sheriff had personal and political reasons for her dismissal. We think that the trial court went quite far enough in striking those allegations from the supporting affidavit. It may be added that Mrs. Vickery's affidavit supporting her answer, after the parts referred to were stricken by the court, still tended to show that the sheriff may have acted for personal or

political reasons in dismissing her. It showed that, after she had made a complete statement to the sheriff of the facts respecting her conduct which was under investigation, he told her that he would call her later, which he failed to do, and that when she received the notice of dismissal and called him and asked if he did not think he had been too severe, he stated that "he felt that he must do something of the sort because the public demanded it." Her affidavit also showed that the sheriff had stated to her in substance and effect that if the board saw fit to reinstate her he would be content.

■ The cross-bill also complains, in exceptions pendente lite duly filed, of the overruling of certain exceptions to the answer to the petition for certiorari. We have carefully considered this complaint and find no error in the ruling. It seems that all other assignments of error in the cross-bill have either been expressly abandoned or have become moot.

■ It is not necessary to pass on other exceptions contained in the main bill of exceptions, as the ruling in division one controls the case, and under that ruling the judgment of the trial court must be reversed.

*Judgment reversed on the main bill, and affirmed on the cross-bill of exceptions. Sutton, P. J., concurs, and Felton, J., concurs specially.*

FELTON, J., concurring specially. To give the language of the act the construction contended for by the sheriff would preclude a discharged employee from appeal in cases of unwarranted discharges or suspensions made in good faith, and would conflict with the provision that the board can lessen a punishment imposed in any case. If a penalty was imposed for political, personal, or religious reasons, it would seem that it should be set aside and overruled in its entirety, and not merely reduced. This provision for reducing penalties seems clearly to indicate that the supervisory power of the board covers grounds of penalty other than those actuated by political, personal, or religious reasons. It may be bad policy for an authority other than the sheriff to control the selection of his deputies. That question, however, is one with which the courts are not concerned.