## 31445. STANDARD SURETY & CASUALTY CO. OF NEW YORK *v.* JOHNSON.

824

*Smith, Partridge, Field & Doremus, W. S. Northcutt,* for plaintiff in error.

*Reuben A. Garland, William A. Hall,* contra.

PARKER, J.  James T. Johnson sued Standard Surety and Casualty Company of New York, the surety on the official bond of A. B. Foster as the sheriff of Fulton County. The action is in two counts, one for an illegal arrest and the other for false imprisonment, each claiming damages in the sum of $5000. It was alleged that about midnight on July 29, 1945, two lawful deputies of Sheriff Foster went to the home of the plaintiff and unlawfully and illegally arrested him; that he had not committed any act for which any lawful warrant had issued, and had committed no crime in the presence of said officers, and they had no warrant for his arrest; that said deputy sheriffs carried the plaintiff from his home to the Fulton County jail where he was imprisoned by them and kept in custody over night and until an early hour on the day following, and they did not at any time have or secure a warrant against the the plaintiff; that at the time the plaintiff was arrested the officers had in their hands for service upon him a civil process only, and that the arrest was malicious and showed a total want of probable cause, and the incarceration constituted false imprisonment, and for the acts of said deputies in arresting and confining the plaintiff the defendant was liable in damages to the plaintiff. The defendant answered denying the alleged tortious acts and conduct of the deputy sheriffs. There was a verdict in favor of the plaintiff for $750 on each of the two counts. The defendant made an amended motion for new trial which was overruled, and error is assigned on that judgment.

The fourth, eleventh and twelfth grounds of the amended motion allege that the verdict was excessive as a whole, and as to

the amounts found by the jury on each of the two counts. The argument is that the arrest and the imprisonment were one transaction, and that the verdict for $750 on either count was ample compensation in damages for the whole affair; and that an action for malicious arrest could be based only upon an arrest under process of law, without probable cause, when made maliciously as stated in the Code, § 105-1001. An arrest without a warrant, unless made under one or more of the circumstances set out in the Code, § 27-207, is illegal and is a tort for which an action will lie. *Piedmont Hotel Co.* v. *Henderson,* 9 *Ga. App.* 672 (3) (72 S. E. 51); *Hines* v. *Adams,* 27 *Ga. App.* 157 (107 S. E. 618); *Vlass* v. *McCrary,* 60 *Ga. App.* 744 (5 S. E. 2d, 63); *Franklin* v. *Amerson,* 118 *Ga.* 860 (45 S. E. 698). The arrest complained of in the first count is described therein and referred to as unlawful, illegal, wrongful, inexcusable, unreasonable, arbitrary, malicious, without warrant and without authority. The officers had in their hands when they made the arrest no criminal warrant or other process of law, except a civil action against the plaintiff in which a restraining order had been granted. It is not necessary or proper to decide whether such civil suit was a "process of law" by reason of which the plaintiff could maintain an action for malicious arrest under the Code, § 105-1001; nor is it necessary or proper to decide whether the arrest and the imprisonment were separate torts that could be sued for in two counts or were one tort only for which an action for false imprisonment would lie. These questions were not raised in the court below by demurrer, by motion to dismiss, or by motion in arrest of judgment, and they have not been raised in this court by a direct writ of error. They can not be raised in a motion for new trial. *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280). The plaintiff alleged an illegal arrest in one count and false imprisonment in another count, and in the absence of a demurrer or motion to dismiss, the court properly submitted both counts to the jury. "Where the petition as amended purports to set out a cause of action for an illegal arrest in one count, and a cause of action for an illegal imprisonment in another count, and the case proceeds to trial upon both counts, it is not error, upon the ground that an illegal arrest and an illegal imprisonment are not in law separate and distinct wrongs, for the court to submit to the jury's consideration the plaintiff's case as alleged in the

two counts in the petition." *Central of Ga. Ry. Co.* v. *Dabney,* 44 *Ga. App.* 143 (2) (160 S. E. 818). See also *Piedmont Hotel Co.* v. *Henderson,* supra.

We can not say as a matter of law that the verdict for $750 on each count was excessive. The general rule is that a reviewing court has no power to set aside the finding of the jury as excessive unless it appears that the verdict was due to bias or prejudice or was influenced by corrupt means. *Atlantic Greyhound Corp.* v. *Austin,* 72 *Ga. App.* 289 (33 S. E. 2d, 718), and citations. As to the amount of the verdict see also *McClure Ten Cent Co.* v. *Humphries,* 33 *Ga. App.* 523 (10) (127 S. E. 151), *Central of Ga. Ry. Co:* v. *Dabney,* supra, *Price Mercantile Co.* v. *Adams,* 56 *Ga. App.* 756 (194 S. E. 29), and *Hester* v. *Shrouder,* 64 *Ga. App.* 572 (13 S. E. 2d, 875).

■ Ground thirteen alleges that the court erred in excluding certain testimony offered by the defendant. The deputy sheriff on duty at the jail the night the plaintiff was arrested, and who requested the other deputies to go to plaintiff's home in response to telephone calls, in explaining the conduct and showing the motives of the other deputies in making the arrest, testified as follows: "I was on duty at the jail the next night, Sunday night, July 29th, 1945. About 12:00 o'clock on the 29th a woman called over the telephone. She told me who she was. This woman called and first said there was a man out there threatening her and the children and she wanted somebody to come out there. . . In subsequent conversations when she called she said about the same thing over that she said at first, and she was crying over the phone and was hysterical and said that something should be done at once. She first said it was just a man, and I really thought I should do something about it. . .:" The court refused to permit this witness to testify further that the woman "said her name was Mrs. James T. Johnson," and "then later on she said it was her husband, but they were separated." The exclusion of the last two statements is complained of as erroneous and as harmful and prejudicial to the defendant.

We do not think the evidence was improperly excluded. The Code, § 38-302, provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be

admitted in evidence, not as hearsay, but as original evidence." This is an exception to the general rule that hearsay evidence is inadmissible. Being an exception, "the application of this rule must be carefully guarded," as was said by Chief Justice Bleckley in *Brown* v. *Matthews,* 79 *Ga.* 1 (4) (4 S. E. 13). It appears that the witness was permitted to testify that a woman called over the telephone about midnight and said that a man was threatening her and the children and she wanted someone to come, and that in a subsequent call she was crying and was hysterical and told the officer on duty at the jail that something should be done at once. It seems to us that this evidence was sufficient to explain the conduct and show the motive of the officers in making the arrest, and that the exclusion of the two additional statements attributed by the witness to the person calling over the telephone was not harmful or prejudicial to the defendant. The statements might have been admitted without error, along with the other facts and circumstances related by the witness, but this does not mean that the refusal of the court to admit these statements was necessarily harmful or erroneous. The substantial and material reasons why the officers made the arrest clearly appear from the evidence admitted, and it was not harmful error to exclude the two statements of which complaint is made.

■ Grounds fourteen, fifteen and sixteen relate to the status of deputy sheriffs under the Fulton County Civil Service Board, as established by the act approved March 15, 1943 (Ga. L. 1943, p. 971). The contention is made in these grounds that to hold the sheriff liable on his bond for the acts of his deputies committed outside of his presence and without his knowledge would be in violation of the due process clauses of the State and Federal Constitutions, since the sheriff does not have unlimited power in discharging or removing deputies under the civil service act; and that the court erred in charging the jury that the sheriff was liable for the acts of his deputies as provided by general law. The defendant relies upon certain foreign decisions which are not binding on this court and upon the case of *Foster* v. *Brown,* 199 *Ga.* 444 (34 S. E. 2d, 530), and the more recent case of *Vickery* v. *Foster,* 74 *Ga. App.* 167 (39 S. E. 2d, 90). The first of these cases deals with the status and tenure of office of the chief-deputy-sheriff

under the act providing for chief deputies in Fulton County, approved March 24, 1939 (Ga. L. 1939, p. 565), construed in connection with the civil service act of 1943. Both of these acts were authorized by constitutional amendments and they were considered by the Supreme Court in the *Brown* case in passing upon the rights of claimants to the office of chief-deputy-sheriff. The *Vickery* case dealt with the authority of the Fulton County Civil Service Board, under the civil service act, to change a penalty imposed upon a deputy by the sheriff, the holding being that the supervisory powers of the board extend to the consideration and review of any action taken respecting the removal, demotion or suspension of an employee. Neither of these cases sustains the contentions made by the defendant. Neither of the acts dealt with in the Georgia cases cited, either in express terms or by necessary implication, changed the general law with respect to the liability of sheriffs in this State for the acts of their deputies. The Code, § 24-2805, provides that sheriffs shall give a bond "conditioned for the faithful performance of their duties as sheriffs, by themselves, their deputies, and their jailers, and upon the terms required by law." The Code, § 89-418, provides that every official bond executed under the Code is obligatory upon the principals and sureties thereon (2) "for any breach of the condition by a deputy, although not expressed, unless otherwise declared by law." The official bond given by a sheriff obligates the surety thereon for any breach of official duty by the sheriff's deputies. *Powell* v. *Fidelity & Deposit Co.*, 45 *Ga. App.* 88 (4) (163 S. E. 239). Regardless of what the rule may be in other jurisdictions, we think the sheriff of Fulton County, like all other sheriffs throughout the State, along with the sureties on his bond, is liable for the tortious acts of his deputies committed in the performance of their official duty.

■ The other grounds of the amended motion, from the fifth to the tenth inclusive, are mere amplifications of the general grounds and will be so treated. As to these it is sufficient to say that the evidence authorized the verdict. It may be said for the officers that they thought they were acting within the scope of their duties in arresting and confining the plaintiff. Their good faith goes in mitigation of the damages but does not defeat a recovery, and this principle of law was charged quite clearly by the court. *Mitchell* v. *Malone*, 77 *Ga.* 301. "It is no defense that a

person perpetrating an illegal arrest or imprisonment is ignorant of the illegality of his acts. Knowingly committing or participating in an act which is in fact illegal is sufficient to fix liability." *Stembridge* v. *Wright,* 32 *Ga. App.* 587 (5) (124 S. E. 115). "Where the arrest is without a warrant and is illegal, no amount of good faith or probable cause will excuse the defendants." *Vlass* v. *McCrary,* 60 *Ga. App.* 744 (2) (supra). The evidence does not show that the plaintiff was violating any law at the time he was arrested, or that he had committed any crime in the presence of the arresting officers, or that for any other reason the officers were authorized to arrest him without a warrant. The fact that the officers had a civil process to serve on the plaintiff does not excuse their conduct in illegally arresting him. They seem to have assumed that the civil suit was a warrant and to have acted upon telephonic communications which they thought justified the arrest. The law seems to be against them, and the jury was the sole judge of the mitigating circumstances shown by the officers.

The verdict being authorized by the evidence, and it having the approval of the trial judge, and there being no error of law, the defendant's motion for a new trial was properly overruled.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*