31644.   JACKSON *v.* NORTON *et al.*

DECIDED SEPTEMBER 13, 1947.

*Allen, Harris & Henson,* for plaintiff.

*Eugene Cook, Attorney-General, John H. Goddard, Assistant Attorney-General, Smith, Partridge, Field & Doremus, W. S. Northcutt, Durwood T. Pye, Ralph H. Pharr, Owen & Gross,* for defendants.

SUTTON,· C. J. (After stating the foregoing facts.) ▮ In count 1 of the amended petition, the plaintiff contends that he was unlawfully deprived of his personal liberty by the defendants, Norton, Foster, and Mozeley, by being arrested and confined in the common jails of Fulton County and Stephens County to his injury and damage. "False imprisonment consists in the unlawful detention of the person of another for any length of time, whereby he is deprived of his personal liberty." Code, § 105-901. "If the imprisonment is the act of several persons, they may be sued jointly or separately, and if jointly, all shall be responsible for the entire recovery." § 105-903. Also, see *Holliday* v. *Coleman,* 12 *Ga. App.* 779 (78 S. E. 482) ; *Vlass* v. *McCrary,* 60 *Ga. App.* 744, 748 (5 S. E. 2d, 63). As against the defendants, Norton, Foster, and Mozeley, the petition clearly set out a cause of action in tort for false imprisonment. However, it was not alleged that the defendants, Fidelity & Casualty Company and Standard Surety & Casualty Company, participated in any way in the illegal imprisonment of the plaintiff; and, if the action is one in tort, these defendants are not proper parties to the action and should have been stricken when objection was made by timely special demurrers.

The bonds given by the two defendants, Mozeley and Foster, as sheriffs of their respective counties, were conditioned by law "for the faithful performance of their duties as sheriffs, by themselves, their deputies, and their jailers." Code, § 24-2805. While false imprisonment may constitute a tort, it also constitutes a breach of the condition of a sheriff's official bond, where the imprisonment is done by such sheriff under color of and by virtue of his office as sheriff. In this connection, see *Standard Surety Co.* v. *Johnson,* 74 *Ga. App.* 833 (41 S. E. 2d, 576), and citations. "In a suit

on a sheriff's official bond, brought jointly against such sheriff and the surety on said bond, for an alleged wrongful act committed by him or his lawful deputy colore officii, 'the fact that a tort by the officer is disclosed does not render the action one ex delicto.' *Copeland* v. *Dunehoo*, 36 *Ga. App.* 817, 820 (138 S. E. 267)." *Carlan* v. *Fidelity & Casualty Co. of New York*, 55 *Ga. App.* 271 (2) (190 S. E. 47). If count 1 be treated as an action ex contractu for a breach of the condition of the official bonds given by Foster and Mozeley, as sheriffs of their respective counties, then the defendant Norton, who is not a party to either bond, was an improper party defendant and should have been stricken when objection was raised by timely special demurrers that there was a misjoinder of parties and of causes of action. *Morris* v. *Swain*, 23 *Ga. App.* 430 (98 S. E. 358).

It is well-settled law that a false or malicious arrest is a tort for which an action will lie in damages. "An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested." Code, § 105-1001. The provisions of law relative to false or malicious arrest are intended to protect and remunerate those who have been wantonly abused under color of authority. *Fire Association of Philadelphia* v. *Fleming*, 78 *Ga.* 733, 735 (3 S. E. 420). A person has a cause of action against an officer who arrests him, where the arrest is not made in good faith and is arbitrary and illegal on the part of such officer. *McDonald* v. *Lane*, 80 *Ga.* 497 (5 S. E. 628). "Whoever arrests or imprisons a person without a warrant is guilty of a tort, unless he can justify under one of the exceptions prescribed by law." *Piedmont Hotel Co.* v. *Henderson*, 9 *Ga. App.* 672 (3) (72 S. E. 51). An illegal arrest is a tort for which an action will lie. *Hines* v. *Adams*, 27 *Ga. App.* 157 (107 S. E. 618). If the plaintiff's action in count 2 of the petition be treated as one in tort, then the two surety company defendants were not proper parties to the action, as there are no facts alleged showing that either of these defendants participated in any way with the alleged false arrest of the plaintiff, and these defendants should have been stricken when objection was raised by special demurrer that there was a misjoinder of parties and of causes of action.

While a false or malicious arrest may be a tort, it is likewise a breach of the condition of a sheriff's official bond, where the false

654

or malicious arrest is done colore officii. In this connection, see *Standard Surety Company* v. *Johnson, supra.* If count 2 of the petition be treated as an action ex contractu for an alleged breach of the conditions of the official bonds of the two sheriffs, then Norton, who is not a party to either bond, was an improper party defendant and should have been stricken when objection was raised by timely special demurrers.

An action in tort and one in contract can not be joined in the same petition. Each count of the petition in the present case was fatally defective, in that neither count alleged facts showing a joint liability in either tort or in contract against all of the defendants therein named; and the trial judge properly sustained the special demurrers of the defendants, that there was a misjoinder of parties and of causes of action. Upon the failure of the plaintiff to amend his petition to meet the grounds of special demurrer of the defendants, Mozeley and the surety on his official bond, and Foster and the surety on his official bond, the court did not err in dismissing the action as to these defendants. It then appearing that the Superior Court of Fulton County was without jurisdiction of the remaining defendant, since he resided in another county of this State and there was no resident defendant in Fulton County, the court did not err in sustaining the general demurrer of the defendant Norton and in dismissing the action as to him.

2. Since the judgment of the trial court dismissing the action is being affirmed for the reasons set out in division 1 of this opinion, it is not necessary to pass on the exceptions taken to the judgment sustaining the other grounds of the demurrers to the petition. *Lovell* v. *Drake,* 60 *Ga. App.* 325, 326 (3 S. E. 2d, 783).

*Judgment affirmed. Felton and Parker, JJ., concur.*