Charles S. McWILLIAMS, Plaintiff-
Appellant,

v.

INTERSTATE BAKERIES, INC.,
Defendant-Appellee.

No. 29797.

United States Court of Appeals,
Fifth Circuit.

March 11, 1971.

T. J. Lewis, Jr., Arthur M. Kaplan, Atlanta, Ga., for appellant.

Glover McGhee, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for appellee.

Before RIVES, GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

The plaintiff, Charles McWilliams, originally filed this suit in the Georgia state court, alleging that the defendant, Interstate Bakeries, had, through its employee, falsely imprisoned him. The defendant had the case removed to the United States District Court for the Northern District of Georgia where trial was held without a jury. The district court found for the defendant, and plaintiff appeals.

On August 6, 1966, plaintiff and his son entered a store owned by the defendant. Mrs. Hill, an employee, recognized plaintiff as the person who had indecently exposed himself before her on August 2, and forcibly detained plaintiff at gunpoint in the store until the police could be summoned. The trial court found that the plaintiff had indeed committed the indecent exposure offense on August 2 and therefore concluded that the detention was justified. We reverse.

It is plain that the actions of the defendant's employee in detaining the plaintiff until the police arrived amounted to imprisonment, since McWilliams was deprived for a time of his personal liberty. Conoly v. Imperial Tobacco Co., 1941, 63 Ga.App. 880, 12 S.E.2d 398. Georgia law provides that such a warrantless detention by a private person amounts to a false imprisonment unless it comes within certain specific exceptions. Conoly v. Imperial Tobacco Co.,

*supra.* These specific exceptions are provided in Ga.Code Ann. § 27–211:

"Arrest by private person.—A private person may arrest an offender, if the offense is committed in his presence or within his immediate knowledge; and if the offense is a felony, and the offender is escaping, or attempting to escape, a private person may arrest him upon reasonable and probable grounds of suspicion."

In interpretating this section the Georgia Supreme Court has held that a private person may make an arrest for a misdemeanor offense only when that offense occurs in his presence. Moreover, the arrest must occur immediately after the perpetration of the offense. Delegal v. State, 1900, 109 Ga. 518, 519, 35 S. E. 105. If the observer fails to make the arrest immediately after the commission of the offense his power to do so is extinguished, and a subsequent arrest is illegal.

Here it is undisputed that the employee, acting as a private citizen, justified her detention of the plaintiff on the grounds that he had indecently exposed himself to her four days previously. Since the arrest did not occur until four days after the alleged offense, it is clear that the court below erred in holding that the detention was justified under Georgia law. The undisputed facts indicate that the defendant was guilty of falsely imprisoning the plaintiff.

We must therefore remand this case for a determination of the damages due plaintiff for this wrongful act. In so doing we note that proof that a plaintiff in a false imprisonment suit was actually guilty of the crime for which he was illegally arrested can be used to mitigate damages. Goodwin v. Allen, 1953, 89 Ga.App. 187, 78 S.E.2d 804; Standard Surety and Casualty Co. of New York v. Johnson, 1947, 74 Ga.App. 823, 41 S.E.2d 576; Conoly v. Imperial Tobacco Co., *supra.* Since the evidence supports the district court's finding that McWilliams had previously exposed himself indecently before the defendant's employee, we do not see how plaintiff could be awarded anything more than nominal damages, but we leave this determination to the trial court.

Reversed and remanded.