**STATE of Delaware, Appellant,**

**v.**

**John BERENGUER, Appellee.**

Superior Court of Delaware,
New Castle.

June 6, 1974.

David K. Brewster, Deputy Atty. Gen., Dept. of Justice, Wilmington, for appellant.

Samuel H. Lewis, Autman, Barrett & Lewis, Wilmington, for appellee.

OPINION

WALSH, Judge.

This is an appeal by the State of Delaware, as an employer, in accordance with 29 Del.C. § 5949(b), from a decision of the State Personnel Commission (Commission) concerning the dismissal of the appellee, John Berenguer, from his employment as a probation-parole officer with the Department of Health and Social Services (the Department).

Although the parties disagree in their respective views of appellee's performance as an employee, the facts underlying the Commission's decision are not in serious dis-

pute. The appellee was dismissed by the Department effective September 14, 1972, for failure to adhere to Department regulations and supervisory orders. He promptly appealed to the Commission and, while the appeal was pending, obtained similar employment in Florida on April 18, 1973. However, he was forced to leave that employment on May 4, 1973, when he was imprisoned in this State after having been found in contempt of the Superior Court. The Commission ruled that the Department's actions were unduly harsh in view of the fact that there had been no progressive discipline and modified the Department's action by ordering a thirty day suspension without pay but reinstatement retroactive to the date of discharge and extending until July 31, 1973.[1] The Commission awarded appellee accrued salary in the amount of $10,859.58 representing his full accrued salary less a stipulated amount which he earned in Florida prior to his forced resignation from that employment. The State asserts several grounds in support of its appeal but in view of the remand required it will be unnecessary to deal with all grounds asserted.

The power to review the disciplinary action of the appointing authority (i. e. the employer) is granted, upon appeal by the employee within thirty days, to the Commission by the legislature in 29 Del.C. § 5949(a). In creating the right of both parties to further appeal to the Superior Court, subsection (b) of § 5949[2] envisages two types of disposition by the Commission: upholding of the decision of the appointing authority or a finding against the appointing authority.

In Maxwell v. Vetter, Del.Supr., 311 A.2d 864 (1973), the Supreme Court

had occasion to consider the statute under which the Commission was created. The Court outlined the powers of the Commission in the following language:

"The State Personnel Commission is a creature of statute. 29 Del.C. Ch. 59 (1966). Its power and authority are derived exclusively from the statute . . . ." (311 A.2d 865)

This holding is in accord with the principle that an administrative body exercising purely statutory powers must find in the act "its warrant for the exercise of any authority it claims". People v. Hurley, 336 Ill.App. 205, 83 N.E.2d 512, 517 (1948). There is no presumption of jurisdiction in favor of a State Personnel Commission. Funkhouser v. Coffin, 301 Ill. 257, 133 N. E. 649 (1922). In reviewing the action of the Personnel Board of the City of Miami Beach under a section similar in effect to 29 Del.C. § 5949(b), the Supreme Court of Florida held that the sole function of the Board on appeal was to review the factual basis for removal and, if established, to determine whether those facts sustained the discipline imposed. It also ruled that the Board, on review, had power only to find whether there had been a violation of employment rules—the disciplinary action to be taken on such findings was the sole responsibility of the official having appointing authority. Simpson v. Handberry, 159 Fla. 805, 33 So.2d 31, 33 (1947). Cases appearing to hold to the contrary are distinguishable on the basis of the differing statutes under which the reviewing Board or Commission exercised its authority. State Personnel Commission v. Webb, 18 Ariz.App. 69, 500 P.2d 329 (1972); Vickery v. Foster, 74 Ga.App. 167, 39 S.E.2d 90 (1946).

1. The employee was terminated following reinstatement on that date and his second termination forms the basis for a subsequent action before the Commission and is not a part of this proceeding.

2. "(b) If the Commission upholds the decision of the appointing authority, the employee shall have a right of appeal to the

Superior Court on the question of whether the appointing authority acted in accordance with law. . . . If the Commission finds against the appointing authority, the appointing authority shall have a right of appeal to the Superior Court on the question of whether the appointing authority acted in accordance with law."

Section 5949 does not grant to the Commission power to fix the penalties on appeal from disciplinary actions and to substitute these for the penalties imposed by the appointing authority. The statute is silent on the question of modification and the Commission is limited by the wording of the statute to the two alternatives provided for in § 5949(b). The mandatory nature of that section is underscored by subsection (d) with its clearly prescriptive language.[3]

While the Commission disagreed with the discharge decision of the appointing authority, it did so under a misconceived appreciation of its authority to change that result. It is thus unclear whether, given its limited options of approval or disapproval, the Commission would have affirmed the action of the appointing authority. For this reason the reviewing Court cannot accept the apparent factual conclusions of the Commission but must request the Commission to state its factual determination within the context of its statutory authority. In that connection both parties to this appeal complain of the failure of the Commission to state its findings precisely and with internal consistency.

On appeals from decision of administrative bodies, "the duty of Superior Court in these cases is to sit as a reviewing court, not as an administrative agency of superior rank". In The Matter of Application of Diamond State Tel. Co., Del. Supr., 9 Terry 497, 107 A.2d 786, 793 (1954). Civil Rule 72(g) of the Superior Court, Del.C.Ann., provides that "appeals shall be heard and determined by the Superior Court from the record of proceedings below, except as may be otherwise expressly provided by statute". 29 Del.C. § 5949, has not "otherwise expressly provided". If the record is deficient the Superior Court

cannot discharge its function and must remand. Green v. Wilmington Savings Fund Society, Del.Supr., 310 A.2d 638, 641 (1973).

The State argues that there is no sufficient basis in fact for the Commission's finding of lack of progressive discipline. It also argues that the decision of the Commission is inconsistent with its own finding that the evidence supported a substantial penalty and the decision to reinstate. The appellee, as well, insists that no factual basis exists to support the Commission's order of suspension. These criticisms are well founded and should be the subject of further comment or elaboration upon remand. Specifically, the Court recommends that the Commission analyze the present case in terms of its statutory obligation of either upholding the dismissal of the appointing authority or finding against the appointing authority.

If, upon remand, the Commission upholds the decision of the appointing authority, no question of damages arises. If the Commission finds against the appointing authority, it must deal with the question of damages, an issue sharply disputed in this Court. For the guidance of the Commission upon remand the Court will state its view of the proper measure of damages to be applied if that issue remains viable.

A discharged employee is entitled to damages only if wrongfully discharged. Under 29 Del.C. § 5949(b) this entitlement springs from a determination of whether the appointing authority acted "in accordance with law", i. e. whether the discharge was for just cause. If a finding is made that the appointing authority did not act in accordance with law, then the employee's measure of damages is *prima facie* "the wage that would be payable during the remainder of the term [of employment]". McClelland v.

---

**3.** "(d) If the Commission finds that the action complained of was taken by the appointing authority for any political, religious or racial reason, or is not supported by the

facts as having been for cause, the employee shall be reinstated to his former position or a position of like status and pay, without loss of pay for the period of suspension."

Climax Hosiery Mills, 252 N.Y. 347, 169 N.E. 605, 609 (1930). If there is no fixed term of employment, but an order of retroactive reinstatement is made, the *prima facie* measure of damages would be the wages that would have been payable for the duration of the reinstatement, often referred to as "back pay". Since the Commission found that reinstatement extended until July 31, 1973, the date appellee was found by the Commission to have been effectively dismissed, no back pay can extend beyond that date.

This *prima facie* measure does not create a fixed and certain obligation, since the employer is obligated to pay only "whatever damages would have actually been suffered, and these exclude damages that [an employee], acting reasonably, would have diminished or avoided". McClelland v. Climax Hosiery Mills, *supra*. As noted in Ogden-Howard v. Brand, Del. Supr., 7 Boyce 482, 108 A. 277 (1919), a discharged employee's "measure of damages is uniformly held to be the stipulated salary for such period as he may be entitled to recover damages, less any amount he actually earned or might, by due and reasonable diligence, have earned during such period after discharge".

There was evidence before the Commission that appellee obtained comparable employment in Florida as of April 18, 1973. Had this employment continued uninterrupted until July 31, 1973, it would have mitigated damages. It appears, however, that the appellee resigned from his job in Florida some time prior to July 31, 1973, because he was arrested and subsequently imprisoned for contempt of Court. Damages assessable against an employer must have been suffered as a consequence of the employer's wrongful discharge, and not the employee's own wrongful act. Any loss which occurred because of the complainant's own wrongful conduct and arrest, may not be chargeable against the employer.

Finally, although a remand is required, it is appropriate to deal briefly with the State's argument that the Personnel Commission lacked jurisdiction to consider this matter in view of the disposition by the Supreme Court of the United States in Dunlavey v. Berenguer, 414 U.S. 895, 94 S.Ct. 215, 38 L.Ed.2d 133 (1973). That case came before the Supreme Court on appeal by the State from the decision of a three judge District Court in Berenguer v. Dunlavey, D.C.Del., 352 F.Supp. 444 (1972). The District Court in that case held unconstitutional Section 33 of House Bill No. 676 passed by the Delaware General Assembly on July 1, 1972, and granted an injunction against its enforcement. Section 33 removed from the merit system for one year the employees in the Probation and Parole section of the Division of Adult Corrections. On September 8, 1972, the appellee had been dismissed and his appeal to the Commission, under 29 Del.C. Ch. 59, was refused for lack of jurisdiction in reliance on Section 33. Following appellee's successful attack on Section 33 in the District Court the original dismissal was "rescinded" and appellee was promptly dismissed under the merit system.

The State, in the meanwhile, appealed the District Court decision to the Supreme Court of the United States. During the pendency of the appeal, Section 33 expired according to its own terms since it was part of an annual appropriation act. The Supreme Court considered the controversy to be moot and in accordance with established practice, United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), vacated the judgment and remanded with direction to dismiss the case as moot on October 15, 1973.

The State claims that the effect of the Supreme Court order is to return the parties to their position immediately prior to issuance of the injunction and to validate the rescinded original dismissal of Mr. Berenguer under Section 33 of the appropriation act. This assumes that the efficacy of Section 33, invalidated under the injunction,

has been restored and revives the controversy between the parties that resulted in the District Court proceedings. But the injunction has already run its course and Section 33 expired on July 1, 1973. It cannot be presumed that the Supreme Court intended to revive the controversy in a now moot case. The issue of mootness is carefully considered by the Supreme Court and the Court will not hold the case to be moot if there is a reasonable expectation that the alleged wrong will be repeated. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). The State's reliance on mootness is misplaced. The State Personnel Commission had jurisdiction to hear the appeal under 29 Del. C. § 5949.

In summary, this matter is remanded to the Commission, under a determination of jurisdiction, to consider appellee's attack upon his discharge within the framework of the Commission's limited authority to approve or disapprove that discharge and award appropriate damages if necessary.

It is so ordered.